## NATIONAL SURETY COMPANY *v.* ARCHITEC- TURAL DECORATING COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 425.  Submitted October 28, 1912.—Decided December 2, 1912.

While, in a general sense, the laws in force at the time the contract is
made enter into its obligation, the parties have no vested rights in
the particular remedies or modes of procedure then existing. *Water
Works Co.* v. *Oshkosh,* 187 U. S. 437.

There is a broad distinction between laws impairing the obligation of
contracts and those which simply undertake to give a more efficient
remedy to enforce a contract already made. *Bernheimer* v. *Con-
verse,* 206 U. S. 516.

Where, as the state court has held in this case, the requirement that a
preliminary notice that a third party intends to avail of the benefit
of a bond given for performance of a contract is a condition precedent
to an action on the bond, legislation altering the period within which
such notice must be given affects the remedy and not the contract
itself and does not amount to an impairment of the obligation of the
bond within the contract clause of the Federal Constitution.

Chapter 413 of the General Laws of Minnesota of 1909, extending the
time within which third parties intending to avail of the benefit of
a bond given for completion of public buildings must serve notice
of intention so to do, effected merely a change in remedy without sub-
stantial modification of the obligation of the contract and is not an
unconstitutional impairment thereof.

115 Minnesota, 382, affirmed.

THE facts, which involve the constitutionality of a
statute of Minnesota relating to enforcement of claims
under building bonds, are stated in the opinion.

· *Mr. Jed L. Washburn, Mr. W. D. Bailey* and *Mr. Oscar
Mitchell* for plaintiff in error:

By the common law as interpreted by the Minnesota
Supreme Court at the time the bond in question was given,
no action could have been maintained by the Decorating
Company against plaintiff in error on the bond sued on.

The right of action given is statutory in its origin, and was conditioned on giving the proper notice. *Park Brothers & Company v. Sykes,* 67 Minnesota, 153; *Eidsvik v. Foley,* 99 Minnesota, 468; *Breen v. Kelly,* 45 Minnesota, 352.

The statutes in force at the time the bond was executed and delivered, in so far at least as they conditioned the surety's liability, became a part of plaintiff in error's contract, including the requirement for notice therein, as fully in all respects as if such requirement for notice had been set out at length therein. *Grant v. Berrisford,* 94 Minnesota, 45; *United States v. Quincy,* 4 Wall. 535; *Walker v. Whitehead,* 16 Wall. 314; *Edwards v. Kearzey,* 96 U. S. 595; *McCracken v. Hayward,* 2 How. 608; *Barnitz v. Beverly,* 163 U. S. 118; *Bradley v. Lightcap,* 195 U. S. 1; *Harrison v. Remington Paper Co.,* 140 Fed. Rep. 385.

The requirement for notice in the statute at the time the bond was executed and delivered became a part of the contract thereafter existing between the plaintiff in error and the Decorating Company, and was a condition precedent to liability and no part of the remedy. *Grant v. Berrisford,* 94 Minnesota, 45; *The Harrisburg,* 119 U. S. 199; *Selma R. & D. R. Co. v. Lacey,* 49 Georgia, 106; *Hamilton v. Hannibal & St. J. R. Co.,* 39 Kansas, 56; *Boyd v. Clark,* 8 Fed. Rep. 849; *Lambert v. Ensign Co.,* 42 W. Va. 813; *Theroux v. N. P. Ry. Co.,* 64 Fed. Rep. 84; *Babcock v. N. P. Ry. Co.,* 154 U. S. 190; *Slater v. Mexican National R. R. Co.,* 194 U. S. 120; *Simerson v. St. Louis & S. F. R. Co.,* 173 Fed. Rep. 612; *Pohlman v. Railway Co.,* 182 Fed. Rep. 492; *Lange v. Railway Co.,* 126 Fed. Rep. 338; *Veginan v. Morse,* 160 Massachusetts, 143; *Healey v. Geo. F. Blake Mfg. Co.,* 180 Massachusetts, 270; *McRae v. Railway Co.,* 199 Massachusetts, 418; *Dolenty v. Broadwater* (Montana), 122 Pac. Rep. 191; *Hudson v. Bishop,* 32 Fed. Rep. 519; *S. C.,* 35 Fed. Rep. 820; *United States v. Winkler,* 162 Fed. Rep. 397; *United States v.*

*Boomer*, 183 Fed. Rep. 726; *Railway Co.* v. *Hine*, 25 Oh. St. 629; *Denver & Rio Grande* v. *Wagner*, 167 Fed. Rep. 75; *Christie-Street Commission Co.* v. *United States*, 126 Fed. Rep. 991, 996.

The requirement for notice being a condition precedent to the right of action, and no part of the remedy, could not be dispensed with by any act of the legislature, and chap. 413 of the Laws of 1909 dispensing with this notice, if applied to the bond in question, was unconstitutional as impairing the obligation of plaintiff in error's contract. *Miller* v. *Stewart*, 9 Wheat. 680; *United States* v. *Freel*, 186 U. S. 309; *Governor* v. *Lagow*, 43 Illinois, 141; *People* v. *Tompkins*, 74 Illinois, 487; *Grocer's Bank* v. *Kingman*, 16 Gray, 476; *Schuster* v. *Weiss*, 114 Missouri, 171; *King County* v. *Ferry*, 5 Washington, 554; *Green* v. *Biddle*, 8 Wheat. 1, 84; *Bank* v. *Sharp*, 6 How. 326; *Golden* v. *Prince*, 10 Fed. Cases, No. 544; *Louisiana* v. *New Orleans*, 102 U. S. 203.

*Mr. Arcadius L. Agatin* for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

This is an action to recover damages for the breach of a bond made by the plaintiff in error as surety together with one Henricksen as principal, given to a certain school district of the State of Minnesota, conditioned that Henricksen should pay all just claims for work, materials, etc., furnished for the completion of a school building, for the construction of which he had made a contract with the district; the bond being given, according to its own recitals, for the use of the school district and of all persons doing work or furnishing materials under the contract. The contract and bond were made in the year 1908. The bond was executed and delivered pursuant to the provisions of the Minnesota statutes found in Rev. Laws

Minn. 1905, §§ 4535 to 4539, inclusive, which in effect require every public corporation of the State, on entering into a contract for the doing of any public work, to take a bond for its own use and for the use of all persons furnishing labor or material under or for the purpose of the contract, and which entitle any person so furnishing labor or material to maintain an action upon the bond, under certain conditions.

The defendant in error, during the months of July and August, 1909, performed certain services and furnished certain materials to Henricksen for use in carrying out his contract, for which a sum exceeding one thousand dollars remained due and unpaid, and to recover the amount so due this action was brought.

By § 4539, above referred to, which was in force at the time the contract for building the school was made and the bond given, it was enacted that—"No action shall be maintained on any such bond unless within ninety days after performing the last item of work, or furnishing the last item of skill, tools, machinery, or material, the plaintiff shall serve upon the principal and his sureties a written notice specifying the nature and amount of his claim and the date of furnishing the last item thereof, nor unless the action is begun within one year after the cause of action accrues."

On April 22, 1909, this section was amended by chapter 413, G. L. 1909, p. 501, so as to require the notice of claim to be given within ninety days "after the completion of the contract and acceptance of the building by the proper public authorities," instead of within ninety days "after performing the last item of work or furnishing the last item of skill, tools, machinery, or material," and further amended by requiring the action to be begun within one year "after the service of such notice," instead of within one year "after the cause of action accrues."

It will be observed that this change in the law went

into effect before the defendant in error performed the services and furnished the materials upon which the present action is based.

Defendant in error did not give notice to plaintiff in error in time to comply with § 4539, R. L. 1905, but did give such notice in time to comply with the amended act, if that be the applicable law.

The Supreme Court of the State of Minnesota in the present case held that the act of 1909 controlled, although passed after the bond in question was given, overruling the contention of plaintiff in error that the statute as so construed impairs the obligation of the contract contained in the bond, and is therefore contrary to § 10 of Art. I of the Federal Constitution. 115 Minnesota, 382.

The only question that need be here considered is whether the act of 1909, as thus construed, does impair the obligation of the contract.

Sections 4535–4539, R. L. 1905, originated in chap. 354 of the General Laws of 1895 and chap. 307 of the General Laws of 1897. Prior to this legislation the Supreme Court of Minnesota had held in *Breen v. Kelly* (1891), 45 Minnesota, 352, that although a municipal corporation, having authority to cause certain public work to be done and to make contracts for the doing of it, probably had implied authority to take security for its own protection, it had no authority to take security for third persons nor capacity to act as trustee in a contract made for their benefit, without express legislative authority; and that such a bond, although voluntarily given, was void. The same principle was adhered to in *Park Bros.* v. *Sykes* (1897), 67 Minnesota, 153.

By chap. 354 of the Laws of 1895, which first created the statutory right of action in favor of third persons upon such a bond, no notice by the third person to the principal or sureties was required as a condition precedent to his right to sue. He was merely obliged to bring his

action within one year after the cause of action accrued. Notice by the plaintiff to the principal and sureties was first required by chap. 307 of the Laws of 1897, the third section of which contained the same provisions that were afterwards embodied in the Revision of 1905, as § 4539, above quoted.

The Supreme Court of Minnesota, in the year 1904, in *Grant* v. *Berrisford,* 94 Minnesota, 45, 49, construed G. L. 1897, chap. 307, § 3, as follows: "The provision in the general law requiring notice within ninety days after the last item of labor or materials is done or performed, before bringing an action on the bond, is not analogous to a statute of limitations, but it is a condition precedent which must be performed before the right to bring an action on the bond accrues. Or in other words, it is a condition or burden placed upon the beneficiaries of the bond which they must perform or remove before they can avail themselves of its benefits. It is as much so as would be the case if this provision of the general statute was set out as a proviso in the bond."

The argument for plaintiff in error is to the effect that since the right of action by a third party upon such a bond is of statutory origin, and since the statute in force at the time the bond in suit was given required a preliminary notice given to the obligors within a certain time, which notice (under *Grant* v. *Berrisford*) constituted a condition precedent to the action as much as if it had been set out as a proviso in the bond, a subsequent act of legislation dispensing with such notice, or changing the time within which it was required to be given, impairs the validity of the contract within the meaning of § 10 of Art. I of the Constitution.

The argument rests at bottom upon the proposition that because it required legislation to render such a bond actionable in behalf of third parties, the obligation of the bond as a contract is of statutory origin. But this

is not entirely clear. Treating the bond as voluntarily
made, and aside from the statute, it is, in its essence, a
contract between the obligors (including the Surety Com-
pany), on the one hand, and "all persons doing work or
furnishing materials" for the construction of the school
building (including the Decorating Company as one of
those persons), on the other hand. The circumstance
that the obligee in the bond as written was a public cor-
poration named as trustee for the workmen and material-
men affects the form and not the substance of the obliga-
tion. The decision in *Breen* v. *Kelly*, denying the third
party's right of action and holding such a bond void as
to him, was not based upon any illegality or want of
consideration in the contract, nor upon any incapacity of
the obligors to make it; nor, indeed, upon any incapacity
on the part of the real obligees to accept and rely upon
such an undertaking. It proceeded wholly upon the
ground of the legal incapacity of the municipal corpora-
tion to act as trustee for the persons beneficially interested.

But where parties have, in good faith and for a valuable
consideration, entered into an engagement that is not
contrary to good morals, and is invalid only because of
some legal impediment, such as the incapacity of a nominal
party or the omission of some merely formal requirement,
there is ground for maintaining that the legislature may
by subsequent enactment provide a legal remedy, and
thus give vitality to the obligation that the parties in-
tended to create. Cooley's Const. Lim., *293, *374;
Sutherland on U. S. Const. 428, 429; *Ewell* v. *Daggs*, 108
U. S. 143, 151; *Gross* v. *United States Mortgage Co.*, 108
U. S. 477, 488.

Nevertheless, granting, for the sake of the argument,
the contention of the plaintiff in error that the contract
in suit, so far as pertains to its obligation, is of statutory
origin, it by no means follows that the provision respect-
ing a preliminary notice to the obligors, as a condition

precedent to suit thereon, although contained in the law as it stood at the time the bond was given, cannot be constitutionally modified by subsequent legislation. The decision must turn, we think, upon the familiar distinction between a law which enlarges, abridges or modifies the obligation of a contract, and a law which merely modifies the remedy, by changing the time or the method in which the remedy shall be pursued, without substantial interference with the obligation of the contract itself.

As Chief Justice Marshall observed in *Ogden* v. *Saunders*, 12 Wheat. 213, 349, the obligation and the remedy originate at different times. "The obligation to perform is coeval with the undertaking to perform; it originates with the contract itself, and operates anterior to the time of performance. The remedy acts upon a broken contract, and enforces a preëxisting obligation."

The distinction was well expressed by Mr. Justice Harlan, speaking for this court, as follows: "It is well settled that while, in a general sense, the laws in force at the time a contract is made enter into its obligation, parties have no vested right in the particular remedies or modes of procedure then existing. It is true the Legislature may not withdraw all remedies, and thus, in effect, destroy the contract; nor may it impose such new restrictions or conditions as would materially delay or embarrass the enforcement of rights under the contract according to the usual course of justice as established when the contract was made. Neither could be done without impairing the obligation of the contract. But it is equally well settled that the Legislature may modify or change existing remedies or prescribe new modes of procedure, without impairing the obligation of contracts, provided a substantial or efficacious remedy remains or is given, by means of which a party can enforce his rights under the contract." *Oshkosh Water Works Co.* v. *Oshkosh*, 187 U. S. 437, 439; citing many previous cases.

In *Bernheimer* v. *Converse*, 206 U. S. 516, this court held that a statute of Minnesota, enacted for the purpose of giving a more efficient remedy to enforce the contractual liability of stockholders to creditors, by enabling a receiver to maintain an action for the benefit of creditors outside of the jurisdiction of the court appointing him,— a remedy that by the laws of Minnesota was not available at the time the stock liability in question arose,—did not impair the obligation of the contract. Mr. Justice Day, speaking for the court, said, (at p. 530): "Is there anything in the obligation of this contract which is impaired by subsequent legislation as to the remedy enacting new means of making the liability more effectual? The obligation of this contract binds the stockholder to pay to the creditors of the corporation an amount sufficient to pay the debts of the corporation which its assets will not pay, up to an amount equal to the stock held by each shareholder. That is his contract, and the duty which the statute imposes, and that is his obligation. Any statute which took away the benefit of such contract or obligation would be void as to the creditor, and any attempt to increase the obligation beyond that incurred by the stockholder would fall within the prohibition of the Constitution. But there was nothing in the laws of Minnesota undertaking to make effectual the constitutional provision to which we have referred, preventing the legislature from giving additional remedies to make the obligation of the stockholder effectual, so long as his original undertaking was not enlarged. There is a broad distinction between laws impairing the obligation of contracts and those which simply undertake to give a more efficient remedy to enforce a contract already made."

Again, in *Henley* v. *Myers*, 215 U. S. 373, where defendants became stockholders in a Kansas corporation at a time when by the laws of that State the stockholders of an insolvent corporation were liable to pay for the

benefit of creditors an amount equal to the par value of their stock, and the stock of the corporation was transferable only on the books of the corporation in such manner as the law prescribed; and afterwards, and before defendants sold their stock, the previous statute was amended so as to require the officers of a corporation, as soon as any transfer of stock was made upon its books, to at once file a statement thereof with the Secretary of State, and so that no transfer of stock should be legal or binding until such statement was made; and defendants, before insolvency of the corporation, transferred their stock upon the books of the corporation, but did not procure a statement of the transfer to be filed with the Secretary of State, and were therefore held liable in the state court to an action in favor of the receiver for the benefit of creditors; this court held that the act requiring stock transfers to be noted upon the public records, and providing that no transfer of stock should otherwise be legal or binding, did not impair the obligation of the contract under which the defendants acquired their stock.

In the case now before us, we agree with the Minnesota Supreme Court in the view that the requirement of a preliminary notice to the obligors as a condition precedent of an action upon the bond, affects the remedy and not the substantive agreement of the parties. And although the statute as it stood when the bond was given (R. L. 1905, § 4539) must, under *Grant* v. *Berrisford*, be treated as if written into the contract, it still imposed a condition not upon the obligation, but only upon the remedy for breach of the obligation. Therefore, the subsequent statute (G. L. 1909, chap. 413), effected merely a change in the remedy, without substantial modification of the obligation of the contract.

*Judgment affirmed.*