**Rafael Arne MARTINEZ, Plaintiff**

v.

**M. A. KARAGEORGIS, Defendant.**

**Civ. No. 123–63.**

United States District Court
D. Puerto Rico.

Sept. 23, 1963.

■ Even though it be conceded that Rule 4.7(b) of the Rules of Civil Procedure for the Courts of the Commonwealth of Puerto Rico is in derogation of the Common Law, it must be given a reasonable construction and this should be one in accord with its purpose.

See: Williams v. Kitchin (6 Cir.) 316 F.2d 310, 311–312.

The interpretation which this Court has given to said rule is the only one compatible with the purpose of the framers thereof and the prior statute of the Puerto Rican Legislature from which it was derived.

It is unquestioned that the defendant is engaged in the business of transportation by sea and that he has never designated an agent to receive summons here. Although incidentally, he did business in Puerto Rico, engaged a stevedoring contractor to unload here the cargo being transported in his vessel, and, allegedly as a consequence of said stevedoring operations and because of his negligence and the unseaworthiness of his vessel, the plaintiff, who was employed in said unloading operations suffered the damages which are claimed here.

The Rule is intended to solve the problem created in such situations which persons "engaged in the business of transportation, do business in Puerto Rico, without designating an agent to receive summons."

Nachman & Feldstein, San Juan, P. R., for plaintiff.

Hartzell, Fernández & Novas, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This action is now before the Court on defendant's petition for a rehearing on the court's oral order of August 2, 1963, rendered from the bench, denying his motion to quash summons.

Argument thereon was heard on September 6, 1963.

The Court has given due consideration to defendant's motion as well as to plaintiff's opposition thereto, and is now duly advised in the premises.

The legislative purpose of said rule could not be, as defendant contends, to reach those regularly engaged in transportation of passengers or freight in Puerto Rico or between Puerto Rico and the United States or between Puerto Rico and a foreign country. As to these, no necessity existed for adopting a special rule. If so engaged they must be expected to have offices or agents in Puerto Rico upon whom personal service could be made without any trouble, or their vessels would regularly dock at the Puerto Rican ports, where service in rem, by attachment of same could be obtained.

■ It was precisely the legislative intent, in adopting Rule 4.7(b), to reach

**1014**

those who occasionally or incidentally do such business in Puerto Rico.

Therefore the petition for rehearing must be, as it hereby is ordered denied.

 As to the further request that defendant, in its said petition makes that the Court amend its order denying his motion to quash summons by stating in writing, pursuant to Sec. 1292(b) Title 28 U.S.C.A. that in its opinion such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal therefrom is in order, the Court does not find any justification in law to make any such statement under the aforesaid statute.

The Court fails to find any substantial ground for difference of opinion to warrant such interlocutory appeal and the request so made by defendant is hereby denied.