Luis Garcia **PANTOJA**, Plaintiff,

v.

**PIONEER MARINE CARRIERS CORP.,**
Defendant.

**Civ. No. 309–63.**

United States District Court
D. Puerto Rico.

Dec. 1, 1964.

Nachman & Feldstein, San Juan, P. R., for plaintiff.

Hartzell, Fernández & Novas, San Juan, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This action is now before me on defendant's Motion to Quash Summons. Several objections are urged to the validity of the service of summons, which was effected under the substituted service statute of the Commonwealth of Puerto Rico, 32 L.P.R.A. App. Rule 4.7(b).[1]

Objections identical to those raised in paragraphs 2 and 8 of the mo-

1. "Where the person to be served is engaged in the transportation of passengers or freight in Puerto Rico or between Puerto Rico and the United States or between Puerto Rico and a foreign country, and shall not have designated in the Office of the Secretary of State an agent in Puerto Rico to receive service of summons, complaints, and judicial notices, and the action or claim against him shall arise as a result of an accident occurring in Puerto Rico in the operation of such business, or of an accident occurring outside Puerto Rico in the operation of such business when the employment agreement has been made in Puerto Rico, a copy of the summons and of the complaint shall be delivered to the Secretary of State or to the person designated by the latter and whose designation appears of record in the Office of the Secretary of the Court. The plaintiff shall forthwith send to the defendant a copy of such documents by registered mail with return receipt.

"The engaging by a person in the transportation of passengers or freight in Puerto Rico or between Puerto Rico and the United States or between Puerto Rico and foreign countries without having designated in the Office of the Secretary of State an agent in Puerto Rico to receive service of summons, complaints, and judicial notices, shall amount to the designation of the Secretary of State as his agent to receive service of summons, complaints, and judicial notices in the manner provided above and shall denote his consent in order that any judicial step so notified may have the same legal force and effect as a personal service."

tion were disposed of by this Court, adversely to defendant's present contention, in Rafael Arne Martínez v. M. A. Karageorgis, Civil No. 123–63. (See order therein of September 23, 1963 denying the petition for rehearing). Upon rereading the aforesaid order, I find the reasons there stated as cogent and persuasive as I did when the similar motion in that case was denied, and therefore I must deny, on the same grounds, the present motion insofar as it is based on (a) the failure to allege transportation of passengers and (b) the want of a record in this Court of the designation of Miss Sunchita Súarez as the person to receive writs for the Department of State.

■ However, it is further alleged that the amendment to the statute applying it to vessels carrying freight, although enacted in January, 1961, did not take effect until July 31, 1961, and that as the accident occurred on June 22, 1961, the statute as amended would be given a retroactive application.

Defendant cites Summers v. Skibs A/S Myken, D.C., 184 F.Supp. 745, and Summers v. Skibs A/S Myken, D.C., 191 F.Supp. 929, as decisive of the question of retroactivity now before me. Those cases cannot control the present situation, however, because they were bottomed on the proposition that the Pennsylvania statute under consideration used the word *shall*, which clearly connotes prospective operation. On the other hand our statute reads, "Where the person to be served *is* engaged in the transportation of passengers or freight * * *," and does not import an action in future time. In Bluff Creek Oil Company v. Green, (1958) 5th Cir., 257 F.2d 83, the Illinois statute being construed provided, "Any person, whether or not a citizen or resident of this State, who in person or through an agent *does* any of the acts hereinafter enumerated, thereby *submits* said person, * * * to the jurisdiction of the courts [etc.]" (Emphasis supplied).

■ In the case at bar, plaintiff had since 22 June 1961, an existing, substantive right, and the defendant had an existing, substantive liability, arising from the facts alleged in the complaint. What the substituted service of process amendment enacted 31 January 1961 and effective 31 July 1961, did was simply to provide for the effectual assertion of plaintiff's rights. Bluff Creek Oil Company v. Green, supra. As stated in McGee v. International Life Ins. Co., 355 U.S. 220, at 224, 78 S.Ct. 199, at 201, 2 L.Ed.2d 223: "The statute was remedial, in the purest sense of that term, and neither enlarged nor impaired respondent's substantive rights or obligations under the contract. It did nothing more than to provide petitioner with a California forum to enforce whatever substantive rights she might have against respondent."

The motion to quash summons is therefore denied.

