**EXECUTIVE AIR SERVICES, INC.,**
Plaintiff,

v.

**BEECH AIRCRAFT CORPORATION,**
Defendant.

Civ. No. 522–65.

United States District Court
D. Puerto Rico.

June 1, 1966.

Francisco M. Susoni Arecibo, Martin Almodóvar Acevedo, Felipe Benicio Sánchez, San Juan, P. R., for plaintiff.

Hartzell, Fernández & Novas, San Juan, P. R., for defendant.

## ORDER

CANCIO, District Judge.

This case is now before this Court on motion by defendant to quash service of summons and to dismiss for lack of jurisdiction over the person of the defendant. The parties having been heard and the briefs submitted having been read, the Court being otherwise fully apprised of the issues at bar, we are ready to rule on this matter.

The controversy herein engaged was commenced in the Superior Court part of the General Court of Justice of the Commonwealth of Puerto Rico in the San Juan Section. It was removed to this Court pursuant to defendant's petition under 48 U.S.C.A. § 863, 28 U.S.C.A. § 1441 and 28 U.S.C.A. § 1332.

The defendant, Beech Aircraft Corporation (hereinafter referred to as defendant) is a juridical person as being incorporated under the laws of the State of Delaware. Its principal place of business is at Wichita, Kansas and it maintains no business office within the jurisdiction of the Commonwealth of Puerto Rico. Defendant itself is engaged in the manufacture, distribution and sale of different models of airplanes, together with parts and accessories therefor.

Plaintiff alleges that on February 16th, 1962 it entered into a contractual relationship with defendant, whereby plaintiff was to distribute defendant's product within the jurisdiction of Puerto Rico. Plaintiff further alleges that said contractual relationship was unilaterally terminated by defendant without just cause and in violation of the laws of Puerto Rico. With these allegations, plaintiff instituted suit in the Superior Court of Puerto Rico on September 22, 1965 and attempted to serve process on defendant pursuant to Rule 4.5 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico.

On October 28, 1965, plaintiff moved in the Superior Court of San Juan for service of process through the Secretary of State of Puerto Rico, pursuant to Rule 4.7 of the Rules of Civil Procedure.

4.7   Substitute service

(a) Where the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall have personal jurisdiction over said nonresident as if he were a resident of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following:

(1) Such person or his agent carries out business transactions within Puerto Rico; or

(2) Executes by himself or through his agent, tortious acts within Puerto Rico; or

(3) Meets with an accident while by himself or through his agent driving a motor vehicle in Puerto Rico; or

(4) Meets with an accident in Puerto Rico in the operation, by himself or through his agent, of a passenger transportation business in Puerto Rico or between Puerto Rico and the United States or between Puerto Rico and a foreign country, or the accident occurs outside of Puerto Rico in the operation of such business, when the contract has been executed in Puerto Rico; or

(5) If the owner, or by himself, or through his agent, uses or owns real property located in Puerto Rico.

(b) In such cases it shall be incontrovertibly presumed that the defendant has designated the Secretary of State of Puerto Rico as his agent and he shall signify his consent so that the former may receive service of summons, complaints, and judicial notices, and to such effect a copy of the summons and of the complaint shall be served upon the Secretary of State or upon his designee, and the plaintiff shall forthwith send to the defendant a copy of those documents by registered mail with return receipt. Any judicial step so taken shall have the same legal force and effect as a personal service.—Amended Jan. 24, 1961, eff. July 31, 1961; June 28, 1965, No. 105, p. 277, eff. June 28, 1965.

The motion was granted and service was made upon the Secretary of State of Puerto Rico on October 28, 1965, and a copy was sent to defendant by registered mail, receipt of which was acknowledged.

The controversy was removed to the United States District Court for the District of Puerto Rico on December 13, 1965.

Defendant objects to service of process in the manner above mentioned on two main grounds: (1) that defendant is not doing business in Puerto Rico within the meaning of Rule 4.7; and, (2) that Rule 4.7 was not applicable to defendant in its amended form since the amendment was enacted on June 28, 1965 after the occurrence of the alleged facts which are presented as grounds for the action at bar. *En passant,* defendant raises the possibility of the unconstitutionality of 10 L.P.R.A. § 278. We find it unnecessary to go into this question at this time as it refers to the question of the alleged contract and not to the question of the sufficiency of process.

■ *Latu Sensu,* the term "judicial process" includes within its meaning all of the acts of the Court, from the commencement of an action until its final adjudication. In a narrower sense, process is the manner through which a defendant is brought before the bar to answer a complaint filed against him. "Service of process" includes two very distinct but indispensable ends: the notification of the action to the defendant so he may defend himself; and the acquisition of jurisdiction over the person of the defendant. The former point is not at issue; it is precisely the latter which is.

■ To obtain jurisdiction over a juridical person in the manner foreseen in Rule 4.7 of the Rules of Civil Procedure of Puerto Rico, it is enough that that person have the minimal contacts in Puerto Rico envisaged by the Supreme Court of the United States in International Shoe Co. v. State of Washington, (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and McGee v. International Life Insurance Co., (1957) 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223.

■ From the contract, here a bone of contention, it appears that the distributorship agreement provides for the furnishing of price schedules, discounts and other terms of purchase or airplanes, parts and accessories by defendant to its distributor. Defendant was to supply the purchase order forms which were to be used by the distributor. The distributor had to follow defendant's procedures in submitting orders and all sales and service policies which were established by defendant. Dealers could be appointed by the distributor only with the concurrence of defendant. The distributor was to use only advertising material supplied or approved by defendant, was obligated to furnish defendant with certain reports and records, and to supply a copy of its Annual Audit Report when so requested by defendant. Upon termination of concession, any distributor had to sell to defendant any new unsold aircraft, repair parts or signs, if defendant chose to exercise its option to repurchase. In addition to the above, defendant periodically and systematically sent down, on more than one occasion each year, some of its personnel, mainly pilots, for factory airplane demonstrations. These pilots provided the technical assistance necessary in showing how to operate the airplanes they demonstrated.

It is apparent from the preceding review of the contract that defendant was extensively in control of the operations to be carried out by this business within the jurisdiction of Puerto Rico. The control over the business and the contacts which defendant has in this jurisdiction leave no doubt but that it is doing business here. The contacts present are much more than those required. International Shoe Company v. State of Washington, supra; Focht v. South Western Skyways, Inc. v. Cessna Aircraft, 220 F.Supp. 441, (1963); McGee v. International Life Insurance Co., supra. See also Delray Beach Aviation Corp. v. Mooney Aircraft, Inc., 332 F.2d 135,

(1964); McMenomy v. Wonder Bldg. Corp. of America, 188 F.Supp. 213, (D. C.1960); Ewing v. Lockheed Aircraft Corp., 202 F.Supp. 216, (D.C.1962); Green v. Robert-Shaw-Fulton Controls Co., 29 F.R.D. 490 (D.C.1962).

Defendant's second objection alleges that Rule 4.7 of the Rules of Civil Procedure for Puerto Rico was not in force and effect at the time it is alleged that the contract between plaintiff and defendant was rescinded, and that its application in the instant case would be retroactive and unconstitutional.

Rule 4.7 was given its present form by Law No. 105 of June 28, 1965, effective on that same date. The rule does not establish nor vest any substantive rights. It is a provision whereby substantive rights may be made effective. It is adjective law and, since it neither creates nor destroys substantive rights, it is applicable to the case at bar. It has long been held that this is so, even in matters of such importance as jurisdiction over the subject matter. Ex parte McCardle, 7 Wall. 506, 74 U.S. 506, 19 L.Ed. 64. It has been so understood in this District. Pantoja v. Pioneer Marine Carriers Corp., (D.C.P.R.1964), 235 F.Supp. 724; Martínez v. Karageorgis, (D.C.P.R.1963), 235 F.Supp. 1012.

The service of process statute does not add to or create new liabilities which are then sought to be retrospectively asserted. Rule 4.7 merely provides for the effectual assertion of substantive rights in the Courts of this District, both Commonwealth and Federal. As a remedial, procedural statute, it could constitutionally apply to supply effective machinery for the assertion of existing substantive rights. Bluff Creek Oil Co. v. Green, (5th Cir., 1958), 257 F.2d 83; Funkhouser v. J. B. Preston Co., (1933) 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243; National Surety Co. v. Architectural Decorating Co., (1912) 226 U.S. 276, 33 S.Ct. 17, 57 L.Ed. 221.

Furthermore, while it is true that the cause of action allegedly accrued (January 31, 1965) before the effective date of Law 105 (June 28, 1965); action was not instituted until September 22, 1965. It is clear that the procedure to be followed is the procedure in force at the time of the proceedings, not that existing at the time of the occurrences.

In view of the foregoing, it is the opinion of the Court that the motion to quash service of process be, and hereby is, ordered, adjudged and decreed

Denied.