**LA ELECTRONICA, INC., Plaintiff,**

v.

**The ELECTRIC STORAGE BATTERY CO., Defendant.**

**Civ. No. 427-66.**

United States District Court
D. Puerto Rico.

Nov. 30, 1966.

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Edward M. Borges, Santurce, P. R., for defendant.

## ORDER

RUIZ-NAZARIO, Chief Judge.

The defendant is moving to have this action dismissed on various grounds.

I.—The alleged improper service of the summons.

At oral argument on September 30, 1966, the defendant admitted that it was

served and received notice as provided by the statute.

All that it complains of in connection with this point is that proof of service has not been filed yet.

It conceded, however, as the record of this action establishes, that it voluntarily appeared and, alleging that it had received a copy of the complaint and summons, which it attached to its petition, removed the action to this court, prior to the time when proof of service was to be filed. It also conceded that failure to file proof of service will not invalidate service under either the local law or the federal law.

Therefore, defendant has no standing to seek a dismissal on this ground.

■■ II.—The alleged lack of jurisdiction over the person of the defendant because of the alleged unconstitutionality of the long-arm statute of Puerto Rico.

This Court has already passed on this question and decided the same adversely to defendant's contention in Executive Air Services, Inc. v. Beech Aircraft Corporation, D.C.P.R. June 1, 1966, 254 F. Supp. 415.

See also: Pantoja v. Pioneer Marine Carriers Corp. (D.C.P.R., 1964) 235 F. Supp. 724; Martínez v. Karageorgis, (D.C.P.R.1963) 235 F.Supp. 1012.

Defendant contends, in support of its motion under consideration herein, that the jurisdiction of this Court depends upon the distributorship contract which it is alleged contains a clause to the effect that disputes arising thereunder are to be interpreted under the laws of Wisconsin.

But the very purpose of the Act under which this action has been brought is to permit the enforcement of certain rights independent of the agreement itself.

"This protection would be of little value if a manufacturer could contractually limit jurisdiction to a forum practically inaccessible to the dealer." Volkswagen Interamericana S. A. v. Rohlsen, (C.A.1 1966) 360 F.2d 437 at 439 (H.N. 1) cert. den. 87 S.Ct. 230.

From the allegations and papers on file, it appears that all the minimal contacts and all the indicia of control required to submit the defendant to jurisdiction under International Shoe Co. v. State of Washington (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and McGee v. International Life Insurance Co. (1957) 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, are present.

See: Volkswagen Interamericana S. A. v. Rohlsen, supra, 360 F.2d at p. 440.

In addition, it appears from the pleadings, that this action is one arising from an alleged unilateral breach of a distributorship agreement, which breach, under 10 L.P.R.A. 278b, is specifically defined as a *tortious act* and as to which, under Rule 4.7(2) of the Rules of Civil Procedure for the General Court of Justice, 1958 (T. 32 L.P.R.A., App. II) substituted service for acquiring jurisdiction over the person of the defendant or his agent, because of having executed tortious acts within Puerto Rico is also permitted.

The motion to dismiss for lack of jurisdiction over the person of the defendant must be therefore denied.

III.—It also moves that this action be transferred to the United States District Court for the Eastern District of Pennsylvania.

I have given due consideration to the affidavit of Mr. Kenneth Hammond submitted on behalf of the defendant, as well as to the affidavit of Mr. Saturnino Betancourt Piñero, submitted on behalf of the plaintiff.

The arguments of counsel of both parties on the question have been the subject of the most careful analysis.

Considering that a transfer such as the one requested by the defendant herein is only permissible when the same is in the interest of justice and for the convenience of the parties and witnesses, this, assuming that jurisdiction and venue exist in both the transferor and transferee districts, and having in mind, as the Courts have decided, that the greatest weight should be given to the

choice of forum made by the plaintiff, in determining whether the transfer is in the interest of justice, I must deny defendant's request for a transfer.

■ There is no question that the plaintiff has the original choice, and that such choice will not be lightly set aside.

■ The statute under which this action has been brought is a Puerto Rican statute. This is a Civil Law jurisdiction, with methods and jurisprudence strongly influenced by the Civil Law. Many relevant pronouncements of the law are in the Spanish language, the official translations of which take years to be accomplished, would hardly be accessible to English speaking Judges in the Continent, who are not familiar with the Spanish language and Civil Law methods.

It would be unfair to the plaintiff for the burden of interpreting the Puerto Rican statute to be placed upon a community that has no relation with the litigation.

In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, the Supreme Court, by Mr. Justice Jackson said, at pp. 508, and 509, 67 S.Ct. at p. 843, the following:

"But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

The request for a transfer must be also denied.

It is therefore ordered that defendant's "Motion to Dismiss for lack of jurisdiction over the person, insufficiency of service of process, and Motion to Transfer to a more convenient forum" filed on September 20, 1966, be as it is hereby Denied in its entirety.

Defendant is granted a period of ten (10) days from the date of notice of this Order to file its responsive pleading.