**CARIBBEAN SALES ASSOCIATES, INC., Plaintiff,**

v.

**HAYES INDUSTRIES, INC., Defendant.**
**Civ. A. No. 134–67.**

United States District Court
D. Puerto Rico,
San Juan Division.

Aug. 17, 1967.

Salvador E. Casellas, San Juan, P. R., for plaintiff.

Joseph T. Wynne (McConnell, Valdés & Kelley, San Juan, P. R., Law Offices), for defendant.

## ORDER

CANCIO, District Judge.

The defendant is moving to have this action dismissed on the ground that the defendant corporation is not subject to service of process for the purposes of jurisdiction of this Court or that of the Superior Court of Puerto Rico, from which Court this action was timely removed.

Alternatively, the defendant asks for a stay of proceedings upon the ground that there is an action pending before the Circuit Court for the County of Jackson, State of Michigan, allegedly between the same parties and involving issues which are substantially identical to those involved in this action.

Defendant also seeks such other relief as this Court may deem proper and just.

The parties having been heard and the briefs submitted having been read, the Court being otherwise fully apprised of the issues at bar, is ready to rule on this matter.

The defendant, Hayes Industries, Inc. (hereinafter referred to as defendant) is a corporation organized under the laws of the State of Michigan. Its principal place of business is at Jackson, Michigan and it maintains no business office within the jurisdiction of the Commonwealth of Puerto Rico. It is principally dedicated to the manufacture and sale of automobile parts throughout the United States of America and other parts of the world.

Plaintiff, Caribbean Sales Associates, Inc., alleges in its complaint that it had been defendant's exclusive representative in Puerto Rico for more than one year, whereby it distributed defendant's products within the jurisdiction of the Commonwealth of Puerto Rico. Plaintiff further states that said contractual relationship was unilaterally terminated by defendant without just cause and in violation of the laws of Puerto Rico. This complaint was filed in the Superior Court of Puerto Rico on November 30, 1966. The summons and complaint were served upon the Secretary of State of the Commonwealth of Puerto Rico, pursuant to Rule 4.7 of the Rules of Civil Procedure.

Rule 4.7 of the Rules of Civil Procedure of 1958 for the General Court of Justice, as amended, provides as follows:

"4.7 Substitute service

(a) Where the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall have personal jurisdiction over said nonresident as if he were a resident of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following:

(1) Such person or his agent carries out business transactions within Puerto Rico; or

(2) Executes by himself or through his agent, tortious acts within Puerto Rico; or

(3) * * *

(4) * * *

(5) * * *

(b) In such cases it shall be incontrovertibly presumed that the defendant has designated the Secretary of State of Puerto Rico as his agent and he shall signify his consent so that the former may receive service of summons, complaints, and judicial notices, and to such effect a copy of the summons and of the complaint shall be served upon the Secretary of State or upon his designee, and the plaintiff shall forthwith send to the defendant a copy of those documents by registered mail with return receipt. Any judicial step so taken shall have the same legal force and effect as a personal service.—Amended Jan. 24, 1961, eff. July 31, 1961; June 28, 1965, No. 105, p. 277, eff. June 28, 1965."

Defendant contends, in support of its motion under consideration herein, that plaintiff has failed to meet the jurisdictional requirements provided by Rule 4.7 (a) (1). This Court, however, has previously ruled on this question adversely to defendant's contention in Executive Air Services, Inc. v. Beech Aircraft Corporation, 254 F.Supp. 415 (D.C., 1966) and La Electronica, Inc. v. Electric Storage Battery Co., 260 F.Supp. 915 (D.C., 1966).

In the Executive Air Services, Inc. case, supra, 254 F.Supp. at p. 417, we expressed that

"To obtain jurisdiction over a juridical person in the manner foreseen in Rule 4.7 of the Rules of Civil Procedure of Puerto Rico, it is enough that that person have the minimal contacts in Puerto Rico envisaged by the Supreme Court of the United States in International Shoe Co. v. State of Washington (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and McGee v. International Life Insurance Co., (1957) 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223."

The above rule closely follows the modern trend which supports the expansion of the state jurisdictional power over foreign corporations and other nonresidents.

Due process and judicial policy authorizes this approach in view of the complicated problems which arise in an expanding economy. It would indeed be manifestly burdensome and unjust for financially weak dealers, from a comparative standpoint, if they were obliged to pursue their respective principals to far-off states in order to hold them legally responsible for their unlawful acts. Law 75 of June 24, 1964, as amended (10 L. P.R.A. § 278), the statute under which this claim has been instituted, was designed to protect the legitimate interests of local dealers and agents. We cannot ignore the strong interest which the Legislature of the Commonwealth of Puerto Rico has in providing an effective procedural mechanism for its residents when a suit is established under Act 75. We, therefore, adhere to the position taken by the Supreme Court in the McGee case, supra, 355 U.S. at p. 226, 78 S.Ct. at 201, 2 L.Ed.2d 223, when Justice Black said:

"Looking back over this long history of litigation a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents. In part this is attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.

Turning to this case we think it apparent that the Due Process Clause did not preclude the California court from entering a judgment, binding on respondent. It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State. Cf.

Hess v. Pawloski, 274 U.S. 352, 47 S. Ct. 632, 71 L.Ed. 1091; Henry L. Doherty & Co. v. Goodman, 294 U.S. 623, 55 S.Ct. 553, 79 L.Ed. 1097; Pennoyer v. Neff, 95 U.S. 714, 735, 24 L.Ed. 565, 573. * * *. It cannot be denied that California has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims. These residents would be at a severe disadvantage if they were forced to follow the insurance company to a distant State in order to hold it legally accountable."

■ Turning to this case, it appears from the allegations and papers on file that the minimal contacts required to subject the defendant to our jurisdiction are present. The sworn affidavit which was submitted by the defendant in support of its motion for dismissal clearly establishes that defendant corporation has been making sales transactions with concerns in Puerto Rico for approximately three years. Also, it appears from the statement that the defendant had a distributor in Puerto Rico. During all this time, the defendant's products were circulating within the jurisdictional boundaries of the Puerto Rican market and was obviously obtaining proceeds from such sales. Therefore, there is no doubt that this Court can properly assume jurisdiction in the present case.

Additional ground to support the jurisdiction of this Court can be found in Rule 4.7(a) (2), cited above. Defendant, however, argues that the alleged tort was committed outside of the Commonwealth of Puerto Rico. Accordingly, the defendant asserts that since the decision to terminate the relationship was made and carried out in Michigan, and since the notification to that effect was posted outside of Puerto Rico, jurisdiction under Rule 4.7(a) (2) cannot be sustained. Moreover, defendant contends that Rule 4.7(a) (2) cannot be interpreted in conjunction with Section 278b of Act 75, for this would require a prior determination as to whether a tort has been in fact

committed by the principal. Heavy reliance is placed on various cases which have construed a similar New York State statute.

Again, this Court has already adopted a different interpretation. In La Electronica, Inc. v. The Electric Storage Battery Co., supra, wherein the defendant's motion for lack of jurisdiction over the person was dismissed, the Court said, 260 F.Supp. at p. 916,

"In addition, it appears from the *pleadings,* that this action is one arising from an alleged unilateral breach of a distributorship agreement, which breach, under 10 L.P.R.A. 278b, is specifically defined as a *tortious act* and as to which, under Rule 4.7(2) of the Rules of Civil Procedure for the General Court of Justice, 1958 (T. 32 L.P. R.A., App. 11) substituted service for acquiring jurisdiction over the person of the defendant or his agent, because of having executed tortious acts within Puerto Rico is also permitted." [Emphasis supplied.]

See Vol. XIX PR Legislative Record No. 97 of June 25, 1965.

██ In Executive Air Services, Inc. v. Beech Aircraft Corporation, supra, 254 F.Supp. at p. 418 we also find relevant expressions made by this Court:

"Rule 4.7 was given its present form by Law No. 105 of June 28, 1965, effective on that same date. The rule does not establish nor vest any substantive rights. *It is a provision whereby substantive rights may be made effective. It is adjective law and, since it neither creates nor destroys substantive rights, it is applicable to the case at bar.* It has long been held that this is so, even in matters of such importance as jurisdiction over the subject matter. Ex parte McCardle, 7 Wall, 506, 74 U.S. 506, 19 L.Ed. 64. It has been so understood in this District. Pantoja v. Pioneer Marine Carriers Corp., (D.C.P.R.1964), 235 F. Supp. 724; Martinez v. Karageorgis, (D.C.P.R.1963), 235 F.Supp. 1012.

The service of process statute *does not add to or create new liabilities* which are then sought to be retrospectively asserted. *Rule 4.7 merely provides for the effectual assertion of substantive rights in the Courts of this District, both Commonwealth and Federal.* As a remedial, procedural statute, it could constitutionally apply *to supply effective machinery for the assertion of existing substantive rights.* Bluff Creek Oil Co. v. Green, (5th Cir., 1958), 257 F.2d 83; Funkhouser v. J. B. Preston Co., (1933) 290 U.S. 163, 54 S.Ct. 134, 78 L.Ed. 243; National Surety Co. v. Architectural Decorating Co., (1912) 226 U.S. 276, 33 S.Ct. 17, 57 L.Ed. 221." [Emphasis supplied.]

The cases cited by the defendant in support of its arguments are not in harmony with local reality and the evils which this local special legislation seeks to redress. This being a matter of local law, we are not bound by them. cf. Reyes v. Tribunal Superior, 84 D.P.R. 29, Belaval v. Secretario de Hacienda, 83 D. P.R. 251, Pueblo v. Matos, 83 D.P.R. 335, Castro v. Gonzalez, 70 D.P.R. 887, Corretjer v. Tribunal, 72 D.P.R. 909, Cía Azucarera v. Tribunal de Contribuciones, 72 D.P.R. 909.

We now confront ourselves with. defendant's request for a stay of proceedings based upon the grounds that there is already a suit pending before the Circuit Court for the County of Jackson, Michigan, involving the same parties and the same issues present in this suit. The defendant also argues that the doctrine of comity justifies the granting of such a request.

██ While it is true that federal courts may, under certain and specific circumstances, stay an action pending before them, it is no less true that such inherent power is to be exercised at its own discretion, weighing all the competing interests involved. Landis v. North American, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153; Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971. The most compelling rea-

sons which generally support the stay of an action are (1) the avoidance of resolving federal constitutional questions when state action might render it unnecessary; and (2) local laws should first be interpreted by the courts of the State wherein said laws were approved. Landis v. North American, supra; Smith v. United States, D.C., 113 F.Supp. 702. The mere fact that a Court might have a great number of causes on its docket should not, *ipso facto*, command the issuance of an order to stay these proceedings.

■ In this case, there is no justification for this Court to stay the proceedings. On the contrary, this is a proper case which calls for the adjudication of the issues at bar.

The record demonstrates that the defendant filed its complaint for a declaratory judgment in Jackson, Michigan, after it terminated its relationship with the plaintiff. While it is true that the defendant filed its complaint in Michigan before the plaintiff did, it is also true that Law No. 75 gives the dealer three years to commence its action. It therefore exercised its choice of forum. And, according to La Electronica, Inc. v. The Electric Storage Battery Co., supra, "such choice [should] not be lightly set aside" because the defendant has raced to the Courts of Michigan and filed a suit after it terminated its relationship with the plaintiff.

There are, moreover, additional considerations involved here. Material witnesses will have to be called by the plaintiff to prove its case. The expenses which the plaintiff would have to incur if we relegate this litigant to Michigan might very well prove to be overly burdensome. Also, many sections of Act 75 have not yet been construed by the Commonwealth Courts nor by this one. The defendant, however, has invoked the jurisdiction of the Circuit Court for the County of Jackson, seeking a decision on several delicate constitutional questions. The defendant has stated in that complaint that a clause in the distributorship contract here in dispute demands that controversies arising thereunder must be resolved in accordance with the laws of the State of Michigan, being this a question which was already decided by this Court adversely to the principal's position in La Electronica, Inc. v. Electric Storage Company, supra. Although we are fully aware of the Circuit Court's competence to decide these legal issues, we are faced here with a relatively new statute with much local variation and, as such, should be interpreted in its own Puerto Rican setting. Like all statutes, this one calls for the formation of basic directives regarding the interpretation of dealers' contracts which have been declared by the Commonwealth Legislature to be vested with a public interest. Hence, it would be unfair to the plaintiff to leave these original interpretations at the hands of the courts of a community which is not related with the enforcement of this law. As we said in the case of La Electronica, Inc.,

"The statute under which this action has been brought is a Puerto Rican statute. This is a Civil Law jurisdiction, with methods and jurisprudence strongly influenced by the Civil Law. Many relevant pronouncements of the law are in the Spanish language, the official translations of which take years to be accomplished, would hardly be accessible to English speaking judges in the Continent, who are not familiar with the Spanish language and Civil Law methods. It would be unfair to the plaintiff for the burden of interpreting the Puerto Rican statute to be placed upon a community that has no relation with the litigation."

Furthermore, this Court is of the view that the facts before us call for the issuance of a Writ of Injunction in aid of its jurisdiction.

Section 1651(a) of 28 U.S.C. provides:

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The issuance of an injunctive relief in this case is not prohibited by 28 U.S.C. § 2283, "since the exercise of the injunctive power is not only 'in aid' of the court's jurisdiction but is essential to its effective exercise." American Ins. Co. v. Lester, 4 Cir., 214 F.2d 578. To allow the defendant to proceed with its complaint for declaratory judgment in the Circuit Court for the County of Jackson, Michigan, would certainly abort, and possibly defeat these proceedings, thus undermining the effectiveness of any judgment to be entered.

## CONCLUSIONS OF LAW

1. The motion for dismissal or, in the alternative, for a stay of proceedings hereby is ordered, adjudged and decreed denied.

2. The issuance of an injunction enjoining Hayes Industries, Inc., from proceeding further in the civil action which it has filed in the Michigan State Court entitled Hayes Industries, Inc. v. Caribbean Sales Associates, Inc. and Edwin H. Angard Company (Civil Action No. C5–275) is necessary and appropriate in aid of the jurisdiction of this Court.

In view of the foregoing considerations, it is ordered, adjudged and decreed that, pending final disposition of the proceedings in this Court or until this Court shall sooner otherwise order, defendant, Hayes Industries, Inc., its officers and attorneys, and all other persons acting under or in concert with them, be, and they are hereby enjoined and restrained from proceeding further with the case of Hayes Industries, Inc. v. Caribbean Sales Associates, Inc. and Edwin H. Angard Company (Civil Action C5–275), now pending before the Circuit Court for the County of Jackson, Michigan.

It is further ordered that this injunction shall be effective on this date, August 17, 1967.

Defendant is granted a period of ten (10) days from the date of notice of this Order to answer the complaint.