Roland J. COLETTI, d/b/a R. J. Coletti
& Co., Plaintiff,

v.

OVALTINE FOOD PRODUCTS, a Division of the Wander Company, and the
Wander Company, Defendant.

Civ. No. 382–67.

United States District Court
D. Puerto Rico.

Oct. 27, 1967.

P. J. Santiago Lavandero, San Juan, P. R., for plaintiff.

McConnell, Valdes & Kelley, Gonzalo Sifre, San Juan, P. R., for defendant.

## ORDER

CANCIO, Chief Judge.

This case being before the Court on defendant's motion to dismiss the complaint for lack of jurisdiction, the parties having been heard and the Court otherwise fully informed on the premises, it is of the opinion that the motion to dismiss the complaint for lack of jurisdiction must be denied and the case remanded to the Superior Court of Puerto Rico, San Juan Part, from where it was improperly removed in accordance with Section 1447 of Title 28, U.S.C.A.

The defendant, Ovaltine Food Products, is a branch, section or business division of the Wander Co., which is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Illinois.

The record before this Court clearly establishes that the defendant corporation carried out business transactions within the territory of the Commonwealth of Puerto Rico during the period of time specifically covered by the complaint herein filed.

Defendant contends, in its motion to dismiss and in its supporting memorandum that, as far as jurisdiction is concerned, plaintiff has not met the all important jurisdictional requirements which Rule 4.7(a) (1) provides. Although the defendant has in his memorandum argued that the decision of this Court in La Electrónica, Inc. v. The Electric Storage Battery Co., et al., 260 F.Supp. 915, (D.C., 1966), regarding Rule 4.7 can be distinguished from the case at bar, this Court believes that in order to dispose of defendant's main argument regarding lack of jurisdiction over the person of the defendant corporation, a most decisive portion of the opinion in Executive Air Services v. Beech Aircraft Corp., 254 F.Supp. 415 (D.C., 1966), must be cited.

Regarding the requirements which must be met in order to obtain jurisdiction by means of Rule 4.7, this Court stated:

To obtain jurisdiction over a juridical person in the manner foreseen in Rule 4.7 of the Rules of Civil Procedure of Puerto Rico, it is enough that that person have the minimal contacts in Puerto Rico envisaged by the Supreme Court of the United States in International Shoe Co. v. State of Washington, (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 and McGee v. International Life Insurance Co., (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223.

It must be pointed out that the above rule follows very closely the modern trend which supports the expansion of state jurisdictional authority over nonresidents. Due process authorizes this approach in view of the problems which today arise in our greatly expanding economy.

■ The defendant corporation was properly served with process through the person of its legally designated agent, the Secretary of State of the Commonwealth of Puerto Rico, pursuant to Rule 4.7(b) of the Rules of Civil Procedure of 1958 for Puerto Rico. Furthermore, defendant expressly admitted that there was no objection on its part as to service of process.

Rule 4.7 of the Rules of Civil Procedure of 1958 for the General Court of Justice of Puerto Rico, as amended, provides as follows:

4.7 Substitute service

(a) Where the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall have personal jurisdiction over said nonresident as if he were a resident of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following:

(1) Such person or his agent carries out business transactions within Puerto Rico; or

(2) Executes by himself or through his agent, tortious acts within Puerto Rico; or

\*   \*   \*   \*   \*   \*

(b) In such cases it shall be incontrovertibly presumed that the defendant has designated the Secretary of State of Puerto Rico as his agent and he shall signify his consent so that the former may receive service of summons, complaints, and judicial notices, and to such effect a copy of the summons and of the complaint shall be served upon the Secretary of State or upon his designee, and the plaintiff shall forthwith send to the defendant a copy of those documents by registered mail with return receipt. Any judicial step so taken shall have the same legal force and effect as a personal service.—Amended January 24, 1961, eff. July 31, 1961; June 28, 1965, No. 105, p. 277, eff. June 28, 1965 \* \* \*

■ After a detailed examination of the remedial nature of the local law in controversy, this Court must therefore conclude that Rule 4.7(a) (1) of the Rules of Civil Procedure of Puerto Rico is completely applicable to the case at bar and that this Court has jurisdiction over the person of the defendant corporation. This has been previously decided by this Court in La Electrónica, Inc. v. Electric Battery Co., supra, and United Medical Equipment Corp. v. Blickman, Inc., 260 F.Supp. 912, (D.C., 1966), Executive Air Services, Inc. v. Beech Aircraft Corp., supra, Volkswagen Interamericana S. A. v. Rohlsen, 360 F.2d 437, (1966), Caribbean Sales Association, Inc. v. Hayes Industries, 273 F.Supp. 598, Order of August 17, 1967 of this Court.

The particular question of statutory construction raised by the defendant to the effect that Rule 4.7(a) (1) applies or serves as a legal base upon which to assume jurisdiction over a nonresident, when such nonresident carries on or otherwise executes any type of business transaction within Puerto Rico, excluding torts, tortious acts or omissions resulting from a business transaction, is completely groundless and without legal basis.

■ The fact that a particular section of a remedial procedural law, like Rule 4.7, is so broad in one of its parts that a subsequent section becomes repetitive is not in itself a valid argument to defeat the broad jurisdictional scope of this section.

■ Rule 4.7 includes the execution of tortious acts as grounds to assume personal jurisdiction over a nonresident. Such acts, of course, encompass the unilateral breach of a business contract which in itself constitutes a business transaction. This alone does not support the statutory construction which the defendant corporation prays for in its

motion to dismiss the complaint for lack of personal jurisdiction, which is based on the unjustified premise that Rule 4.7(a) (1) excludes business decisions or transactions which result in a tortious act, as grounds for acquiring jurisdiction over the person of the defendant corporation.

The so-called difference between the phrase used by the New York Civil Practice Law in its Section 302 and our own Rule 4.7(a) (1), to wit, "transacts any business" and "carries out business transactions" is not in any way substantial. As this Court understands these phrases, they are equally broad in scope, since both of them include torts arising out of or resulting from, or derived from a business act, transaction, decision or omission.

Rule 4.7(a) (2) is likewise applicable to the case at bar since it appears clearly pleaded in the complaint:

1. That the principal-dealer contractual relationship was one entered into by the parties to take effect and to be completely performed in Puerto Rico.

2. That the defendant corporation illegally terminated such a contractual relationship and, therefore, incurred in a tortious act, which of itself clearly establishes the failure on the part of the defendant to place its goods in Puerto Rico so as to enable the plaintiff, its dealer, to sell them. Therefore, defendant's conduct meets the requisites of Rule 4.7 (a) (2) since it executed by itself or through its agent tortious acts within Puerto Rico.

■ This is so because the words "tort" or "tortious act" encompass an act which arises out of the omission to comply with an existing obligation under a business relation on the part of the principal, in this case, the defendant corporation. As to what constitutes a tortious act under Rule 4.7 this Court has stated recently in La Electrónica, Inc. v. The Electric Storage Battery

Co., supra, dismissing defendant's motion for lack of jurisdiction, that:

In addition, it appears from the pleadings that this action is one arising from an alleged unilateral breach of a distributorship agreement, which breach under 10 L.P.R.A. 278b is specifically defined as a tortious act and as to which under Rule 4.7(2) of the Rules of Civil Procedure for the General Court of Justice, 1958 (T. 32 L.P. R.A., App. II) substituted service for acquiring jurisdiction over the person of the defendant or his agent, because of having executed tortious acts within Puerto Rico is also permitted.

■ Thus, regardless of the manner in which the defendant corporation allegedly notified the plaintiff of its unilateral and, therefore, illegal termination of the principal-dealer relationship, the tortious act in itself, so far as jurisdiction is concerned, did not take place *anywhere* but in Puerto Rico, where the failure or omission by the defendant corporation took place.

According to the averments of the complaint, it was in Puerto Rico where the defendant corporation failed to comply with the contract, that is, it failed to place the goods in Puerto Rico at the disposal of the plaintiff, its dealer, as it was its obligation. In addition, the defendant corporation could not legally terminate, without just cause, the dealership agreement with the plaintiff, according to Act 75, June 24, 1964 of Puerto Rico.

■ Due to the fact that the defendant corporation did not offer any evidence in support of its contention that the tortious act occurred in Chicago, Illinois, the Court must conclude that the complaint filed in the case at bar meets all the jurisdictional requisites.

Defendant corporation voluntarily submitted its person to the jurisdiction of this Court when it entered into a stipulation with the plaintiff on the 12th of June of 1966. To this effect, defendant's removal petition states that this case is a civil action for damages of which this Court has jurisdiction.

It is clear that pursuant to 28 U.S.C.A. § 1447(c), there is no time limit or deadline within which the plaintiff must file its petition for remand. Therefore, the Court must now consider and evaluate the legal arguments which have been raised by the plaintiff in his petition for the remand of this case to the Superior Court of Puerto Rico, San Juan Part.

Although the filing of the petition for removal was made on June 27, 1967, it was made within the 30 day period established by Section 1446 of Title 28 U.S.C.A. But the plaintiff did not receive promptly the written notification of said filing as required by law. Therefore, this Court finds that the unnecessary delay of five (5) days in notifying the plaintiff of the filing of the petition for removal is amply sufficient to order that this case be remanded to the Commonwealth Court. *Pennsylvania Co. v. Leeman,* 160 Ind. 16, 66 N.E. 48; *Quilhot v. Hamer,* 2 Cir., 158 F. 188; *Aetna Indemnity Co. v. L. Rock,* 115 S. W. 960.

It is ordered that this case be remanded to the Superior Court of Puerto Rico, San Juan Part.