**BLENKE BROTHERS CO., Inc.,**
Plaintiff,

v.

**FORD MOTOR COMPANY, Defendant.**
No. 2705.

United States District Court
N. D. Indiana,
South Bend Division.
March 26, 1962.

Philip M. Cagen, Valparaiso, Ind., for plaintiff.

Joseph P. Miller, Arthur W. Goulet, South Bend, Ind., Harry T. Ice, James E. Hawes, Jr., Indianapolis, Ind., for defendant.

GRANT, Chief Judge.

This action, in three paragraphs, alleges:

(1) a violation of the Automobile Dealer Franchise Act of 1956 (15 U.S. C.A. § 1221 et seq.) ;

(2) a violation of the Sherman Act; and

(3) a breach of contract.

Defendant has filed a Motion to Dismiss Paragraph I of the Complaint, or, in the alternative, for Summary Judgment on defendant's Fifth Defense, upon the ground that the act declared upon is contrary to and in violation of the Constitution of the United States.

Defendant's constitutional attack is based on the following theories: The provisions of the Act are vague and indefinite and would deprive defendant of its property without due process; the

Act restricts defendant's freedom of contract and takes property without due process of law; and the Act is arbitrary and discriminatory, in violation of the due process clause of the Fifth Amendment.

The Act, in effect, provides that an automobile dealer may bring an action against any automobile manufacturer if the manufacturer does not use "good faith" in performing its obligations under a dealer franchise or in terminating, cancelling, or not renewing the franchise. 15 U.S.C.A. § 1222. The Act defines "good faith" as the duty to act in a fair and equitable manner so as to guarantee freedom from coercion, intimidations or threats and places this duty on both the automobile dealer and the manufacturer. 15 U.S.C.A. § 1221(e). The Act also provides "(T)hat recommendation, endorsement, exposition, persuasion, urging or argument shall not be deemed to constitute a lack of good faith." 15 U.S.C.A. § 1221(e).

■ The policy behind the enactment was to correct abuses of "arbitrary termination and non-renewal". S.Rep. No. 2073, 84th Cong., 2nd Sess. 6 (1956). In order to "balance the power now heavily weighted in favor of automobile manufacturers," 70 Stat. 1125 (1956) (Preamble to the Act), Congress created a private cause of action enabling a dealer to sue for damages. In Woodard v. General Motors Corporation (5th Cir., 1962) 298 F.2d 121 at page 127, the Court said:

> "The policy behind the enactment * * * was to establish a balance of power as between manufacturers and dealers in the automobile industry by curtailing the economic advantages of the larger manufacturers and increasing those of the dealers. To effectuate this policy the Congress created a new cause of action permitting a dealer to recover damages from manufacturers upon the failure of the manufacturer to act in good faith in terminating or not renewing the dealer's franchise."

Defendant has asked this Court to declare the Act unconstitutional because the provisions are vague and therefore, would deprive defendant of its property without due process. Specifically, defendant asserts that the Act lacks an ascertainable standard defining the "good faith" conduct of franchise relationships between automobile manufacturer and dealer.

■ This Court is of the opinion that "good faith" must be determined in the context of coercion or intimidation and that the statutory definition of "good faith" gives a dealer a cause of action only if the acts of the manufacturer are both unfair and coercive. The legislative history supports this construction. In the report of the Committee on the Judiciary of the House of Representatives it is said:

> ". . . . The term 'fair and equitable' as used in the bill is qualified by the term 'so as to guarantee the one party freedom from coercion . . . ..' In each case arising under this bill, good faith must be determined in the context of coercion or intimidation or threats of coercion or intimidation." H.R.Rep. No. 2850, 84th Cong. 2d Sess. 9 (1956), 3 U.S.Code Congressional and Administrative News 1956, pp. 4596, 4603.

District Courts have held that "good faith" must be determined in the context of coercion. In Staten Island Motors, Inc. v. American Motors Sales Corp. (D.C.N.J.1959) 169 F.Supp. 378 at page 382 the Court said:

> ". . . . The plain meaning of the Act indicates that the restrictions which it imposes extend only to those dealings between parties wherein coercion or intimidation or threats of the same are involved."

The District Courts, in Pinney & Topliff v. Chrysler Corporation (D.C.S.D. Calif.1959), 176 F.Supp. 801, 809, and Leach v. Ford Motor Co. (D.C.N.D. Calif.1960), 189 F.Supp. 349, 351, have also held that "good faith" must be de-

termined in a context of coercion and intimidation.

In accordance with the foregoing this Court is faced with a determination of whether or not the statutory definition of "good faith" is a constitutionally ascertainable standard within the provisions of the due process clause of the Fifth Amendment.

Congressional enactments are subject to the due process clause of the Fifth Amendment which has been construed to require ascertainable standards. Winters v. New York (1948) 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840. However, in Jordan v. DeGeorge, (1951) 341 U.S. 223 the United States Supreme Court in footnote 15 at page 231, 71 S.Ct. 703, 95 L.Ed. 886, listed numerous instances where language similar to the definition of "good faith" in the Act before this Court, has survived attack under the vagueness doctrine.

It is also well to note that the National Labor Relations Act, 29 U.S.C.A. § 158 (a) (1), provides that "(I)t shall be an unfair labor practice for an employer— (1) to interfere with, restrain, or coerce employees . . . .". Terms such as coercion and intimidation are not new to the law, especially in light of the fact that the Act itself seeks to further limit their meaning by providing that recommendation, endorsement, exposition, persuasion, urging or argument should not constitute a lack of good faith.

In Sproles v. Binford (1932), 286 U.S. 374, 393, 52 S.Ct. 581, 587, 76 L.Ed. 1167, the Supreme Court said:

"The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding."

The United States Supreme Court has also recognized that the standards of certainty in penal statutes are higher than those depending upon civil sanction for enforcement. Winters v. New York, supra, 333 U.S. at page 515, 68 S.Ct. 665. The Act before this Court provides a civil remedy to a dealer.

■ This Court is of the opinion that "The language here challenged conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. The Constitution requires no more." United States v. Petrillo (1947) 332 U.S. 1, 8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877.

Defendant also challenges the Act in that it restricts freedom to contract and that it takes property without due process of law. Defendant bases its argument on the ground that due process of law includes the concept that there is to be no interference by government in private affairs unless the public interest so requires, and since there are no overriding considerations of public interest involved, the Act takes defendant's property without due process.

In Nebbia v. New York (1934) 291 U.S. 502, at page 536, 54 S.Ct. 505, 515, 78 L.Ed. 940, the United States Supreme Court said:

"It is clear that there is no closed class or category of businesses affected with a public interest, and the function of courts in the application of the Fifth and Fourteenth Amendments is to determine in each case whether circumstances vindicate the challenged regulation as a reasonable exertion of governmental authority or condemn it as arbitrary or discriminatory. . . . . The phrase 'affected with a public interest' can, in the nature of things, mean no more than that an industry, for adequate reason, is subject to control for the public good."

This Court has read the legislative history of the Act and is of the opinion that the action of Congress was reasonable under the circumstances and cannot be said to be arbitrary or discriminatory. Therefore, in considering the purposes of the act and the means to accomplish those purposes, the requirement that cancellation or termination be

in good faith, that is, not the culmination of unfair and coercive conduct, is not extreme or arbitrary to the point of unconstitutionality under the existing standards of the right of freedom to contract. To the extent that the Act limits defendant's freedom of contract, Congress had an adequate reason so to do, and the Act is not unconstitutional on this ground.

 Defendant further contends that the Act is arbitrary and discriminatory in violation of due process, in that after providing that both parties to an automobile franchise must act in "good faith", Congress only granted dealers the right to enforce such obligations in the courts.

This Court has read the cases cited by the defendant at page 27 of its brief, but fails to see how they support the proposition urged.

The Act was designed to remove the exertion of pressures by dominant automobile manufacturers upon dealers, S. Rep. No. 2073, 84th Cong. 2nd Sess. 2, and to correct abuses of "arbitrary termination and non-renewal." Id. at 6. Congress sought to "balance the power" between the manufacturer and the dealer and in so doing, it is reasonable to assume that Congress did not give the manufacturer a right of enforcement simply because it felt that the manufacturer cannot be coerced or intimidated by the dealer.

In Woodard v. General Motors Corporation, supra, at page 128 of 298 F.2d, the Court pointed out that a manufacturer may terminate a franchise when a dealer does not provide adequate representation or where the dealer is inefficient or undesirable. The Court also indicated that a dealer's franchise can be validly terminated "where the dealer has, over a long period of time, violated a valid and material clause of the contract and has failed to comply with the continuing insistence of the manufacturer upon performance."

The manufacturer still retains all of its effective remedies at law and at the same time, Congress has sought to balance the power by providing an effective remedy to the dealer. This Court cannot say that Congress acted discriminatorily or arbitrarily. Reasonable means were employed to effectuate a legitimate purpose.

Therefore, the fact that Congress provided that both parties must act in "good faith" and gave the dealer a remedy to enforce this duty, without giving the same remedy to the manufacturer, is not violative of the due process clause of the Fifth Amendment.

In accordance with all of the foregoing, it is the considered judgment of this Court that defendant's Motion to Dismiss Paragraph I of the Complaint, or in the alternative for Summary Judgment on defendant's Fifth Defense, should be and the same is, hereby, denied.