**UNITED MEDICAL EQUIPMENT
CORP., Plaintiff,**

v.

**S. BLICKMAN, INC., Defendant.**

**Civ. No. 483-66.**

United States District Court
D. Puerto Rico.

Dec. 7, 1966.

Baragaño, Trías, Saldaña, Harris, & Francis, San Juan, P. R., for plaintiff.

McConnell, Valdés & Kelley, San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

RUIZ-NAZARIO, Chief Judge.

The defendant has moved to dismiss the complaint herein, alleging that:

1. The Court has no jurisdiction over the person of the defendant.

2. The service of process on the Secretary of State of the Commonwealth of Puerto Rico was insufficient to give this Court or the Superior Court of San Juan, whence the action was removed to this court, jurisdiction over the defendant.

3. The complaint fails to state a claim upon which relief can be granted, for the reasons set out in paragraphs (a), i, ii, iii, iv, v, and vi, which are constitutional grounds, vii in which it is alleged that the Act which is being invoked by the plaintiff here in support of its claim for relief "would be given retroactive effect, in violation of section 3 of the Civil Code of Puerto Rico (31 LPRA 3)" and viii in which said Act is assailed as in violation of the provisions of the Federal and the Commonwealth's anti-trust laws.

A hearing on said motion was held on September 30, 1966, argument was had, and counsel for the parties were granted five days alternatively to file memoranda in support of their respective contentions on the matter.

The Memoranda were submitted and each party supplemented its memorandum with letters and other documents which had the effect of converting defendant's motion into a speaking motion to dismiss, the Court being, therefore, required under the last sentence of Rule 12 (b) of the F.R.Civ.P. to treat said motion to dismiss as a motion for summary judgment, inasmuch as I have not excluded the matters outside the pleadings, and the parties have had every opportunity to present all material made pertinent to such a motion.

Passing to consider the different questions on which the motion is based, the Court must, as it does now, deny said motion in reference to Points 1, 2, and paragraphs (a), i, ii, iii, iv, v, vi, and viii of Point 3, for the reasons stated in its order of November 30, 1966 entered in Civil No. 427–66, entitled La Eléctronica, Inc. v. Electric Storage Battery Co., D.C., 260 F.Supp. 915, and on the further holdings of Volkswagen Interamericana S.A. v. Rohlsen, (1 Cir. 1966) 360 F.2d 437.

■ Now, as regards the only other point of said motion not covered by the above ruling i. e. 3(a) (vii), in which the defendant challenges plaintiff's attempt to give retroactive effect to the amendment to the Act, the Court believes that defendant's objection must prevail.

It appears from the record that pursuant to agreement between plaintiff and defendant, the former was designated, in 1961, exclusive distributor for Puerto Rico of the hospital equipment and furniture manufactured and sold by defendant, and that such agreement remained in effect from 1961 to 1965. (Complaint Par. 3 and 4).

On June 24, 1964, Act No. 75 of the Puerto Rican Legislature became effective. (See Title 10 L.P.R.A., Secs. 278–278d).

This Act is otherwise known as the Dealer's Act. Sec. 278a thereof prohibited the *termination* by the principal or grantor of the relationship derived from a dealer's contract or the *refusal to renew* said contract on its normal expiration, except for just cause, this, notwithstanding the existence of a clause in the contract reserving to the parties the unilateral right to terminate the existing relationship.

Sec. 278b of said Act provided that "if no just cause exists for the *termination* of the dealer's contract or for the *refusal to renew* same, the principal will have committed a *tortious act* against the dealer and shall indemnify him to the extent of the damages caused him, the amount of such indemnity to be fixed on the basis of the following factors:

(a) the actual value of the amount expended by the dealer in the acquisition and fitting of premises, equipment, installations, furniture and utensils, to the extent that these are not easily and reasonably useful *to any other activity in which the dealer is normally engaged;*

(b) the cost of the goods, parts, pieces, accessories and utensils in stock, and *from whose sale or exploitation he is unable to benefit;*

(c) that part of the good will of the business of the dealer attributable to the sale of the merchandise or service the object of the dealer's contract, to be determined by taking into consideration the following factors:

(1) the number of years the dealer has *had charge* of the *distribution;*

(2) the actual volume of the sale of the merchandise or service and the proportion it represents in the dealer's business;

(3) proportion of the Puerto Rican market said volume represents;

(4) any other factor that may help *establish* equitably *the amount of said good will;*

(d) the amount of the profit obtained by the dealer in the sale of the merchandise or service *during the last five years,* or, if less than five, *five times the annual average of the amount of the profit* obtained during the last years, whatever they be."

Sec. 278d provides:

"Every action arising from this chapter shall prescribe in three years reckon-

ing *from the date of the definitive termination of the dealer's contract."*

The above quoted provisions of the Act, particularly the language which has been underscored by the Court, leave no doubt whatsoever that what the legislature had in mind, upon its adoption, was to prohibit the *termination* or refusal to renew the dealer's contract as a whole, by the principal or grantor on its normal expiration, except for just cause, regardless of the existence in the contract of a clause reserving to the parties the unilateral right to *terminate* the existing relationship.

The tortious act for which the dealer would have had, under Sec. 278b, a right of action to proceed in damages against the principal or grantor, would have arisen or come into existence, pursuant to said Section, prior to the 1966 Amendment of the Act, *only* upon the *termination* of the dealer's contract or the refusal to renew same by the principal or grantor, without just cause, and not because of any other act or thing done by said principal or grantor not amounting to a *complete* termination of the dealer's contract or to an absolute refusal to renew the same.

According to the complaint herein (Par. 5) defendant, on December 17, 1965 informed the plaintiff "that it had appointed Inter-American Equipment Corporation as representative and *additional distributor* of said equipment and furniture." (Emphasis supplied).

Under other allegations of the complaint and other correspondence attached to the memoranda of the parties, it is plain that plaintiff continued to share defendant's representation with the said Inter-American Equipment Corporation after December 17, 1965, (see Pl. memo of Nov. 17, 1966, Page 10) and there is *no showing from the pleadings and correspondence* that the defendant may have actually and totally terminated the dealer's contract.

It therefore appears that plaintiff never had a cause of action based on the termination of the dealer's contract prior to June 23, 1966.

■ Act No. 75 of June 24, 1964, Title 10 L.P.R.A., Secs. 278 et seq., was amended long after December 17, 1965 by Act No. 105 of June 23, 1966.

By this Amendatory Act, Section 2 of Act No. 75 of June 24, 1964 (Title 10 L.P.R.A., Sec. 278a) was amended to read as follows:

"Notwithstanding the existence in a dealer's contract of a clause reserving to the parties the unilateral right to terminate the existing relationship, no principal or grantor may terminate said relationship *or directly or indirectly carry out any act impairing the existing relationship* or refuse to renew said contract on its normal expiration, except for just cause."

The language in italics was added to said Section by the amendment.

Sec. 3 of the Act (Title 10 L.P.R.A. Sec. 278b) was also amended by adding to its opening paragraph the words "for impairing the existing relationship".

The complaint herein was not filed until August 17, 1966, i. e. much later than the effective date of the Amendatory Act.

As hereinabove already said, the relief which the plaintiff is seeking in this action is not one based on the termination of the relationship, which was the only right of action the plaintiff had prior to the 1966 Amendment of the Act.

It is exclusively seeking relief for the impairment of the relation under the Amendatory Act of 1966, a relief to which it is not entitled under said amendment, inasmuch as the Amendatory Act was not expressly made retroactive by the Puerto Rican Legislature.

It, therefore, operates prospectively only, and plaintiff has no standing to receive the substantive benefits derived therefrom.

Civil Code of Puerto Rico, Art. 3, Title 31 L.P.R.A. 3.

Minimum Wage Board of Puerto Rico v. Luce & Co. S. en C. (C.A.1, 1946) 155 F.2d 983, affirming Luce & Co. v. Minimum Wage Board, 62 P.R.R. 431, 448.

As the acts of which plaintiff herein complains do not give rise to any cause of action in its favor and against defendant under Act No. 75 of June 24, 1964 (Title 10 L.P.R.A. 278 et seq.), and the amendment introduced to said statute by Act No. 105 of June 23, 1966 has no retroactive application to said acts, there is no genuine issue in the complaint herein as to any material fact, and the defendant is entitled to a Summary Judgment, as a matter of law.

It is so ordered.