Carlos M. RUIZ, d/b/a A. Alemany Caubet, Sucrs., Plaintiff,

v.

ECONOMICS LABORATORY, INC. and Soilax International, C. A., Defendants.

Civ. No. 400–67.

United States District Court D. Puerto Rico.

Oct. 5, 1967.

McConnie, Canales & Ferrer, San Juan, P. R., for plaintiff.

O'Neil & Borges, San Juan, P. R., for defendants.

### MEMORANDUM AND ORDER

CANCIO, Chief Judge.

Defendants have moved to dismiss the complaint herein, alleging that:

The Dealer's Act (Law number 75, approved on June 24, 1964, as amended, 10 L.P.R.A. § 278 et seq.) is void and unconstitutional: (a) because it is an arbitrary exercise of the police power of the Commonwealth of Puerto Rico; (b) because it cannot be applied to contracts which were in existence prior to the effective date of the law; (c) because it violates the due process clause in that it sets up vague, indefinite and uncertain standards so that men of common intelligence must guess at its meaning; (d) because it violates equal protection of the laws since it is class legislation protecting existing dealers only; and denies to newcomers the opportunity

to contract or attempt to contract with manufacturers in Puerto Rico; (e) because it denies freedom of contract; (f) because it forces violations of Federal and local anti-trust legislation; (g) because it imposes burdens on manufacturers who are using distributors in Puerto Rico on the date of the adoption of the Law and its various amendments, not imposed on other manufacturers who distribute directly in Puerto Rico to (sic) their own employees; (h) because the law contains no requirement that the parties act in good faith with the consuming public.

Counsel for both parties having submitted extensive memoranda in support of their respective contentions, the Court hereby denies defendants' motion, on the following grounds:

■ *Points (a) and (h)*—The allegation that the Dealer's Act is an arbitrary exercise of the police power of the Commonwealth of Puerto Rico has been previously raised before this Court in United Medical Equipment Corp. v. S. Blickman, Inc., 260 F.Supp. 912 (1966) and was expressly denied (see 260 F. Supp. at p. 913) on the authority of the holding in Volkswagen Interamericana S. A. v. Rohlsen (1 Cir. 1966) 360 F.2d 437.

In the *Volkswagen Interamericana* case, the Court of Appeals, referring to the Federal Dealer's Act, answered the allegation as follows (p. 444):

"Defendant next contends that the Dealers' Act 'is unconstitutional both by virtue of its arbitrary distinctions unrelated to the public interest and because of the vagueness of the standard of conduct which it purports to legislate.'

Defendant cites no cases in support of its first argument and we doubt that it could find substantial support in any case decided within, at least, the last quarter century. The legislation was enacted in the context of committee findings of widespread abuse by automobile manufacturers of their franchised dealers. H.R.Rep. No. 2850, 84th Cong., 2d Sess. (1956); S.Rep. No. 2073, 84th Cong., 2d Sess. (1956), U.S. Code of Congressional and Administrative News 1956, p. 4596. It is clearly responsive to this problem, and not only gives protection to the approximately 40,000 franchised automobile dealers in the United States —a sufficient "public purpose" in itself—but could be found to redound to the ultimate benefit of the public at large. See 102 Cong.Rec. 4848, 7482 (1956)".

■ The reasonings underlying this holding by the Court of Appeals are applicable to the Puerto Rico Dealers' Act. This act was approved in the context of legislative findings of widespread abuse by principals of their franchised dealers. The Act's Statement of Motives reads as follows:

"STATEMENT OF MOTIVES

The Commonwealth of Puerto Rico can not remain indifferent to the growing number of cases in which domestic and foreign enterprises, without just cause, eliminate their dealers, or without fully eliminating them, such enterprises gradually reduce and impair the extent of their previously established relationships, as soon as these dealers, concessionaries or agents have created a favorable market and without taking into account their legitimate interests.

The Legislative Assembly of Puerto Rico declares that the reasonable stability in the dealer's relationship in Puerto Rico is vital to the general economy of the country, to the public interest and to the general welfare, and in the exercise of its police power, it deems it necessary to regulate, insofar as pertinent, the field of said relationship so as to avoid the abuse caused by certain practices." (10 L.P.R.A. 278 note)

The Puerto Rico act is clearly responsive to the need to protect dealers, as a class, against widespread abuses, and such an exercise of the police power is

unquestionably within constitutional bounds.

■ *Points (b) and (e)*—Defendants contend that the Dealer's Act is void because it impairs contractual obligations, especially if it is applied to contracts which were in existence prior to the effective date of the law.

These two points are denied on the authority of Willys Motors, Inc. v. Northwest. Kaiser-Willys, Inc. (D.C.Minn. 1956) 142 F.Supp. 469; Ford Motor Company v. Pace, (1960) 206 Tenn. 559, 335 S.W.2d 360; Kuhl Motor Co. v. Ford Motor Co. (1955) 270 Wis. 488, 71 N.W. 2d 420; Blenke Brothers v. Ford Motor Co. (N.D.Ind.1962) 203 F.Supp. 670; United Medical Equipment Corp. v. S. Blickman Inc., (D.C.P.R.1966) 260 F. Supp. 912.

■■ As was said by the Supreme Court of the United States in Manigault v. Springs, 199 U.S. 473, 26 S.Ct. 127, 50 L.Ed. 274:

"It is the settled law of this court that the interdiction of statutes impairing the obligation of contracts does not prevent the state from exercising such powers as are vested in it for the promotion of the common weal, or are necessary for the general good of the public, though contracts previously entered into between individuals may thereby be affected. This power, which, in its various ramifications, is known as the police power, is an exercise of the sovereign right of the government to protect the lives, health, morals, comfort, and general welfare of the people, and is paramount to any rights under contracts between individuals. Familiar instances of this are where parties enter into contracts, perfectly lawful at the time, to sell liquor, operate a brewery or distillery, or carry on a lottery, all of which are subject to impairment by a change of policy on the part of the state, prohibiting the establishment or continuance of such traffic; in other words, that parties, by entering into contracts, may not estop the legislature from en-

acting laws intended for the public good."

■ *Point (c)*—Defendants contend that the Dealer's Act violates due process of law in that it sets up vague, indefinite and uncertain standards.

This point is denied on the authority of United Medical Equipment Corp. v. S. Blickman Inc. (D.P.R.1966) 260 F.Supp. 912 and Volkswagen Interamericana, S. A. v. Rohlsen (1 Cir. 1966) 360 F.2d 437.

■ *Points (d) and (g)*—Defendants allege that the Dealer's Act violates equal protection of the laws since it is class legislation protecting existing dealers only, and burdening manufacturers who use distributors but not those who distribute directly.

This point has also been previously ruled upon, adversely to defendants' contention, in the United Medical Equipment Corp. case, supra.

In Kuhl Motor Co. v. Ford Motor Co. (1955) 270 Wis. 488, 71 N.W.2d 420, the Supreme Court of Wisconsin said:

"The fact that the persons to be benefited by this regulatory measure are confined to one class of our citizens, auto dealers, does not militate against the same being a legitimate exercise of the police power. As the Connecticut court recently stated in Amsel v. Brooks, 1954, 141 Conn. 288, 106 A.2d 152, 157, [45 A.L.R.2d 1234]:

"A statute which is otherwise within the police power or serves a public purpose is not unconstitutional merely because it incidentally benefits a limited number of persons."

While all the citizens of the state are entitled to be protected against unfair dealing by others, this does not mean that the legislature must by one sweep prohibit all unfair dealing and cannot proceed piecemeal to remedy particular types of unfair dealing which manifest themselves in particular occupations or industries. On this point it is only necessary to quote further from Williamson v. Lee Optical Co. of Oklahoma, Inc., supra, [348 U.

S. 483,] 75 S.Ct. [461] at page 465, [99 L.Ed. 563]:

"Secondly, the District Court held that it violated the Equal Protection Clause of the Fourteenth Amendment to subject opticians to this regulatory system and to exempt, as § 3 of the Act does, all sellers of ready-to-wear glasses. The problem of legislative classification is a perennial one, admitting of no doctrinaire definition. Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. Tigner v. State of Texas, 310 U.S. 141, 60 S.Ct. 879, 84 L.Ed. 1124. Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. Semler v. Oregon State Board of Dental Examiners, 294 U.S. 608, 55 S.Ct. 570, 79 L.Ed. 1086. The legislature may select one phase of one field and apply a remedy there, neglecting the others. A. F. of L. v. American Sash Co., 335 U.S. 538, 69 S.Ct. 258, 93 L. Ed. 222. The prohibition of the Equal Protection Clause goes no further than the invidious discrimination."

The statute challenged in the *Kuhl Motor Co.* case dealt only with a rather small class: automobile dealers. The Puerto Rico Dealer's Act applies to all dealers. It is clear, therefore, that the holding of the U.S. Supreme Court in Williamson v. Lee Optical Co. of Oklahoma, supra, is even more highly apposite when applied to the Puerto Rico statute.

■ *Point (f)*—Defendants contend that the Dealer's Act forces violations of Federal and local anti-trust legislation.

This point is denied on the authority of the *United Medical Equipment Corp.* case, supra. The Puerto Rico Dealer's Act, as it appears from its Statement of Motives, was enacted as a curb on the abuse of economic power. As such, it is a part of a broad evolutionary anti-trust program. It does not contradict, but rather complements, other anti-trust measures.

Defendants' motion to dismiss on constitutional grounds is accordingly denied.

It is so ordered.