David J. BALLSTAEDT, Jr., Plaintiff,

v.

AMOCO OIL COMPANY, Defendant.

No. C 80–115.

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

March 13, 1981.

Ted V. Ruffin, Cedar Rapids, Iowa, for plaintiff.

Caryl W. Garberson, Richard S. Fry, Cedar Rapids, Iowa, for defendant.

McMANUS, Chief Judge.

This matter is before the court on defendant's resisted motion to dismiss, filed January 21, 1981. Denied.

Plaintiff brings this action for damages under the Petroleum Marketing Practices Act (Act), 15 U.S.C. § 2801 *et seq.* He alleges in his complaint that on or about January 18, 1977, he and defendant entered into a written lease and franchise agreement (agreement) whereby plaintiff would operate defendant's automobile service station and sell defendant's petroleum products, that the agreement by its terms was to end on December 31, 1981 and that on or about January 21, 1979, defendant terminated the agreement in violation of the Act. In its motion, defendant argues that the Act does not confer subject matter jurisdiction over plaintiff's claim because the agreement was entered into prior to June 19, 1978, the date the Act became effective. Alternatively, defendant argues that if the

court concludes that Congress intended for the Act to cover claims such as plaintiff's, the Act is unconstitutional under the fifth amendment to the Constitution. In its order of February 10, 1981, the court rejected defendant's jurisdiction argument, holding that Congress intended for the Act to apply in this case, and reserved its ruling on defendant's constitutionality argument pending receipt of additional briefs. Those briefs having been received, the court now addresses the question of the constitutionality of the Act.

Defendant asserts that the Act, as applied to the facts of this case, offends the fifth amendment in two respects. First, defendant argues that the Act, acting retroactively, impairs defendant's contract rights in violation of the due process clause. Second, defendant claims that the Act results in a taking of defendant's property for a public use without just compensation. These arguments, neither of which has been addressed in any reported decision, will be taken in turn.[1]

■ It is everywhere recognized that freedom of contract is a matter of great public concern and that such liberty may not lightly be impaired. *Steele v. Drummond,* 275 U.S. 199, 205, 48 S.Ct. 53, 54, 72 L.Ed. 238 (1927). Generally speaking, that right is protected by the due process clause of the fifth amendment. *Allgeyer v. Louisiana,* 165 U.S. 578, 591, 17 S.Ct. 427, 432, 41 L.Ed. 832 (1897). It is also well established, however, that such liberty is not absolute and that Congress may regulate the making

1. A threshold determination that must be made before either of defendant's arguments is addressed is whether Congress has the constitutional power to regulate the franchise relationship between parties such as plaintiff and defendant here. *Ames v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 567 F.2d 1174 (2d Cir. 1977). The court is of the view that it does, and that the source of Congress' power is the commerce clause, U.S.Const. Art. I, § 8, cl. 3, and the "necessary and proper" clause, U.S. Const. Art. I, § 8, cl. 18.

With regard to the Act here in question, Congress has determined for itself that arbitrary and unreasonable termination by franchisors of franchises for the marketing of motor fuels is a threat to the country's motor fuel

distribution and marketing system. Senate Rep.No.95–731, 95th Cong., 2d Sess. 1, 19, *reprinted in* [1978] U.S.Code Cong. & Ad.News 873, 877. Where Congress has said that a particular activity affects interstate commerce, the only function of the court is to determine from the facts before Congress whether its conclusion has a rational basis. *Katzenbach v. McClurg,* 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964). The court concludes that Congress' determination that unreasonable disruptions to motor fuel franchise arrangements substantially affects interstate commerce is based in fact. Therefore, the enactment of the Act was not an unconstitutional exercise of congressional power.

and performance of contracts whenever reasonably necessary to effect any of the purposes for which the national government was created. *E. g. Highland v. Russell Car Co.*, 279 U.S. 253, 261, 49 S.Ct. 314, 316, 73 L.Ed. 688 (1929); *Louisville & Nashville R.R. v. Mottley*, 219 U.S. 467, 482, 31 S.Ct. 265, 270, 55 L.Ed. 297 (1911). The only requirement imposed by the due process clause on legislation that impairs a private contract, whether it does so prospectively or retrospectively, is that the consequences of the legislation must not be particularly harsh and oppressive. *United States Trust Co. v. New Jersey*, 431 U.S. 1, 17 n.13, 97 S.Ct. 1505, 1515 n.13, 52 L.Ed.2d 92 (1977); *Welch v. Henry*, 305 U.S. 134, 147, 59 S.Ct. 121, 125, 83 L.Ed. 87 (1938).

It has already been determined that Congress was justified in concluding that the regulation of motor fuel franchise agreements is necessary to effect the purposes underlying the commerce clause. *See* n.1, *supra.* It is now determined that the consequences of the Act here in question are not particularly oppressive and harsh insofar as defendant is concerned.

The fifth amendment also protects against the taking of private property for public use without just compensation, and it is undeniable that contract rights are property and thus constitutionally protected. *Lynch v. United States*, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434 (1934); *United States v. Central Pac. Ry. Co.*, 118 U.S. 235, 6 S.Ct. 1038, 30 L.Ed. 173 (1886). There is no violation of this provision here, however, because the Act does not amount to a "taking", that is, the interference with defendant's contractual rights is simply too insubstantial to offend the fifth amendment. *See United States v. General Motors Corp.*, 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311 (1945). *Cf. Blenke Bros. Co. v. Ford Motor Co.*, 203 F.Supp. 670 (N.D.Ind.1962) (held analogous statute pertaining to automobile dealership franchises constitutional). *See generally* 2 J. Sockman, *Nichols' The Law of Eminent Domain* §§ 6.1[1], 6.3 (3d rev. ed. 1980).

It is therefore

ORDERED

Denied.