**Carlos M. RUIZ, d/b/a A. Alemany Caubet, Sucrs., Plaintiff,**

v.

**ECONOMICS LABORATORY, INC. and Soilax International, C. A., Defendants.**

**Civ. No. 400–67.**

United States District Court
D. Puerto Rico.

Oct. 17, 1968.

See also D.C., 274 F.Supp. 14.

Mariano Canales Delgado, Alberto Ferrer, San Juan, P. R., for plaintiff.

Edward M. Borges, San Juan, P. R., for defendants.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

Co-defendant Economics Laboratory, Inc., has filed two motions requesting a partial judgment in its favor on the grounds that (a) the complaint fails to state a claim as to such co-defendant because any agreement which may have existed between the plaintiff and Economics Laboratory, Inc., was terminated before the Dealer's Act (Act Number 75, approved on June 24, 1964, 10 L.P.R.A. § 278 et seq.) was approved by the Legislative Assembly of the Commonwealth of Puerto Rico, and (b) there is no jurisdiction over the person of Economics Laboratory, Inc., because it has no office, officer or agent in Puerto Rico, and has done no business in Puerto Rico since December 31, 1962.

Service of process on co-defendant Economics Laboratory, Inc., was made in accordance with Rule 4.7 of the Rules of Civil Procedure of Puerto Rico, 32 L. P.R.A. Appendix, which provides as follows:

"4.7 Substitute service

(a) Where the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall

have personal jurisdiction over said nonresident as if he were a resident of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following:

(1) Such person or his agent carries on business transactions within Puerto Rico; or

(2) Executes by himself or through his agent, tortious acts within Puerto Rico; or

(3) * * *

(4) * * *

(5) * * *

(b) In such cases it shall be incontrovertibly presumed that the defendant has designated the Secretary of State of Puerto Rico as his agent and he shall signify his consent so that the former may receive service of summons, complaints, and judicial notices, and to such effect a copy of the summons and of the complaint shall be served upon the Secretary of State or upon his designee, and the plaintiff shall forthwith send to the defendant a copy of those documents by registered mail with return receipt. Any judicial step so taken shall have the same legal force and effect as a personal service.—Amended Jan. 24, 1961, eff. July 31, 1961, June 28, 1965, No. 105, p. 277, eff. June 28, 1965."

Plaintiff has denied co-defendant's assertion that it has done no business in Puerto Rico since 1962.

Briefly stated, plaintiff's contention is that since 1962 Soilax International has been acting as Economics Laboratory, Inc.'s agent in Puerto Rico; that Economics Laboratory, Inc. has been doing business in Puerto Rico through Soilax International, and, therefore, when plaintiff's distribution contract was terminated, Economics Laboratory, Inc. committed a tort against the plaintiff, in Puerto Rico, through its agent Soilax International. Plaintiff claims that, on this basis, the requirements of Rule 4.7

of the Rules of Civil Procedure for Puerto Rico have been fully complied with and that this Court has properly acquired jurisdiction over the person of Economics Laboratory, Inc.

At a hearing on the merits of co-defendant Economics Laboratory, Inc.'s two motions, both parties introduced oral and documentary evidence in support of their respective contentions.

On the basis of the evidence presented, I conclude that Economics Laboratory, Inc. has maintained, after 1962, the minimal contacts with Puerto Rico necessary to allow this Court properly to assume jurisdiction over the person of such co-defendant. Executive Air Services, Inc. v. Beech Aircraft Corporation, D.C., 254 F.Supp. 415 (1966); La Electrónica, Inc. v. Electric Storage Battery Co., D.C., 260 F.Supp. 915 (1966); Carribbean Sales Associates, Inc. v. Hayes Industries, Inc., D.C., 273 F.Supp. 598 (1967); San Juan Hotel Corporation v. Lefkowitz, D.C., 277 F.Supp. 28 (1967); Luce & Co. S. en C. v. Alimentos Borinqueños, S. A., D.C., 283 F.Supp. 81 (1968); Félix A. Rodríguez, Inc. v. Bristol-Myers Company, D.C., 281 F. Supp. 643 (1968); Coletti v. Ovaltine Food Products, D.C., 274 F.Supp. 719 (1967); Volkswagen Interamericana, S. A. v. Rohlsen, 1 Cir., 360 F.2d 437 (1966).

The evidence shows conclusively that after 1962, Economics Laboratory, Inc., has continued to do business in Puerto Rico, through its agent and wholly controlled subsidiary, Soilax International, C.A.

Soilax International is admittedly the International Division of Economics Laboratory, Inc. When, after 1962, plaintiff purchased Klenzade products for distribution in Puerto Rico, he placed his orders through Soilax International, and he received his billings from Soilax International. But the products purchased and distributed were those manufactured by the Klenzade Products Division, which is a domestic division of Economics Laboratory, Inc.,

and Soilax International merely acted as the Puerto Rican conduit or agent for the ordering and billing of such products. By keeping an agent in Puerto Rico, Economics Laboratory, Inc. became amenable to suit in Puerto Rico under our local "long arm statute".

That the Soilax International office in San Juan was no more than a skeleton organization was made evident at the hearing by the testimony of David Plouf, the Soilax manager in Puerto Rico, who stated on cross-examination that his office consisted of three persons: himself, a bookkeeper and a secretary; that he traveled about 30% of his time, and that when he was away his secretary was in charge of the office; that Soilax does not manufacture any product in Puerto Rico; that the Klenzade products distributed by plaintiff when his franchise was terminated are the same that plaintiff distributed before 1962; that Soilax did not do any warehousing, all warehousing was done by plaintiff after the products were received from the mainland.

Clearly, the description given by Mr. Plouf of the operation of the Puerto Rico Soilax office is the description of the office of an agent, not of a principal.

Further evidence of the close interrelationships between Economics Laboratory, Inc. and its various wholly-controlled subsidiaries, including Soilax International C.A., was elicited by plaintiff, when Mr. Plouf, on cross-examination, testified that:

1. L. Tascott, who preceded Mr. Plouf as Soilax's manager in Puerto Rico, is now general manager of an Economics Laboratory, Inc. subsidiary in Hawaii. He is still also a director of Soilax International, C. A.

2. Mr. Francisco Bazo, who in 1963 was a specialist assistant for Soilax International working in San Juan, is still associated with the Economics Laboratory organization, stationed in England.

3. Mr. David Plouf, manager of Soilax at present, worked as a salesman for Economics Laboratory, Inc. from 1960 to 1962, then became an administrative assistant to the President of Economics Laboratory, Inc., in charge of international operations, stationed in New York, and was finally transferred to Puerto Rico to head the local Soilax office.

4. Mr. L. O. Stark, who is the President of Soilax International, C.A., is also connected with a subsidiary of Economics Laboratory, Inc. operating in Sweden.

The 1964 annual report of Economics Laboratory, Inc. states that Mr. F. T. Lanners has "assumed the overall responsibility for the Klenzade Division as well as for the international division".

Mr. Lanners is presently a director of Soilax International. In 1964 he was also Vice President of the international division and was in charge of the Klenzade domestic division. The Economics Laboratory, Inc. latest annual report, in announcing the financial condition of Economics Laboratory, Inc., consolidates the operations of Soilax International and of the parent company under one single statement.

On the basis of the foregoing evidence, I must agree with plaintiff's contention that the "Klenzade Products Division, Soilax International, and Economics Laboratory, Inc., are all part and parcel of one single business enterprise".

In *Volkswagen Interamericana,* supra, in which service of process by a Virgin Islands former dealer was made on the Volkswagen distributor in Puerto Rico, as agent for the principal, Volkswagen Interamericana, a Mexican Corporation, the Court of Appeals for the First Circuit held that the fact that the principal had a distributor in Puerto Rico was sufficient to provide the minimal contacts with Puerto Rico which validated service of process in Puerto Rico on such principal through its local agent, especially in view of the fact that the

management and ownership of the local agent was largely identifiable with the principal's management and ownership.

Co-defendant Economics Laboratory, Inc., has placed considerable emphasis on an agreement between co-defendant and Soilax International, dated December 27, 1962, whereby Soilax was granted certain exclusive patent and trade mark rights for the territory of Puerto Rico. I fail to see how this agreement has any bearing on the issue under discussion, inasmuch as Mr. Plouf, Soilax's local manager, testified that Soilax has never manufactured in Puerto Rico any of the products listed in the agreement, and that the rights granted by the agreement have never been exercised in Puerto Rico.

Clearly then, all the Klenzade products distributed in Puerto Rico by plaintiff were manufactured in the mainland by the Klenzade Products Division of Economics Laboratory, Inc. Consequently, the above stated agreement has no connection with the purchase and sale in Puerto Rico of such products by plaintiff, and it is irrelevant to the proper disposition of co-defendant's motions.

As was stated by the Court of Appeals for the First Circuit in Volkswagen Interamericana, S.A. v. Rohlsen, supra:

"Defendant could not carry on substantial economic activities within this country and at the same time claim to be absent when distasteful consequences ensued".

The facts established by the evidence in this case are somewhat similar to the factual situation described in *Carribbean Sales Associates,* supra, where this Court found as follows:

"During all this time, the defendant's products were circulating within the jurisdictional boundaries of the Puerto Rican market and was obviously obtaining proceeds from such sales. Therefore, there is no doubt that this Court can properly assume jurisdiction in the present case."

Co-defendant Economics Laboratory, Inc.'s two motions to dismiss are, accordingly, denied.

It is so ordered.