**EDDIE DASSIN, INC., Plaintiff,**

v.

**DARLENE KNITWEAR, INC., and/or Cayey Industries, Inc., Defendants.**

**Civ. No. 137–71.**

United States District Court, D. Puerto Rico.

Dec. 6, 1977.

See also, D.C., 387 F.Supp. 958.

Beverly, Rodríguez, Estrella & Pesquera, San Juan, P. R., for plaintiff.

Ronald L. M. Goldman & Associates, Beverly Hills, Cal., for defendants.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This is an action brought by Eddie Dassin, Inc., a corporation incorporated under the laws of California and with principal offices in California also. Darlene Knitwear is a corporation incorporated under the laws of New Hampshire with principal offices in Massachusetts. Co-defendant, Cayey Industries, Inc., is a corporation organized under the laws of Massachusetts with principal offices in the Commonwealth of Puerto Rico.

It is alleged that defendant Darlene Knitwear, Inc., (hereinafter referred to as Darlene), is not licensed to do business in Puerto Rico, it has no offices, officers, agents or employees in Puerto Rico, maintains no telephone listing nor bank accounts in Puerto Rico, owns or controls no property in Puerto Rico. Darlene obtains orders outside of Puerto Rico from its customers, also located outside of Puerto Rico through salesmen in its employ, and it in turn orders the finished products from Cayey Industries, Inc. (hereinafter referred to as Cayey), with instructions for delivery to its customers.

On or about October 23, 1970, Darlene entered into a contract with the plaintiff, to purchase the goods in question. The value of the goods was $153,810.00. That portion of the order to be paid through letter of credit was paid, but defendants have failed to pay for the remainder, owing plaintiff $49,122.50 with interest payable at the rate of ten per cent from October 23, 1970 until day of payment.

Darlene was first served through Mr. Raymond C. O'Neill, resident agent of Cayey Industries, Inc. On September 3, 1971, the Clerk of this Court issued a summon to be served to Darlene through the Secretary of State of the Commonwealth of Puerto Rico.

On September 9, 1971, defendant Darlene filed a motion to dismiss for lack of sufficiency of service of process, lack of jurisdiction over the person and improper venue.

The question for decision before this Court is whether Darlene, a foreign corporation, has by its activities rendered itself amenable to proceedings in this Court.

Historically, the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence, his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1877).

But now, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Hess v. Pawloski*, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927).

Since the corporate personality is a fiction, although a fiction intended to be acted upon as though it were a fact, it is clear that unlike an individual its presence without as well as within the state of its origin can be manifested only by activities carried on in its behalf by those who are authorized to act for it. To say that the corporation is so far present there as to satisfy due process requirements is to beg the question to be decided. For the terms present or presence are used merely to symbolize those activities of the corporation agent within the state which courts will deem to be sufficient to satisfy the demands of due process. *Hutchinson v. Chase & Gilbert*, 45 F.2d 139 (2 Cir. 1930). Those demands may be met by such contacts of the corporations with the state of the forum as make it reasonable in the context of our federal system of government to require the corporation to defend the particular suit which is brought there. An estimate of the inconveniences which would result to the corporation from a trial away from its home or principal place of business is relevant in this connection.

Presence in the state has never been doubted when the activities of the corpora-

tion there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given. It has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated item of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there. *St. Clair v. Cox*, 106 U.S. 350, 1 S.Ct. 354, 27 L.Ed. 222.

It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit and those which do not, cannot be simply mechanical or quantitative. Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the law which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendants with which the state has no contacts, ties or relations. *Pennoyer v. Neff*, supra; *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

To the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and so far as those obligations arise out or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue. *International Harvester Co. v. Kentucky*, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479; *International Shoe Co. v. Washington,* supra.

As technological progress has increased the flow of commerce between States, the need of jurisdiction over nonresidents has undergone a similar increase. At the same time, progress in communication and transportation has made the defense of a suit in a foreign court less burdensome. In response to these changes, the requirements for personal jurisdiction over non-residents have evolved from the rigid rule of *Pennoyer v. Neff*, supra, to the flexible standard of *International Shoe Co. v. Washington*, supra. But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456; *Hanson v. Denkla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). However, minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the minimal contacts with that State that are a prerequisite to its exercise of power over him. See *International Shoe Co. v. Washington*, supra.

The issue in the case at bar is whether defendant has had minimum contacts with the Commonwealth of Puerto Rico in order for this Court to have jurisdiction over the defendant Darlene.

Rule 4.7 of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, the long-arm statute, reads as follows:

"(a) Where the person to be served is not within Puerto Rico, the General Court of Justice of Puerto Rico shall have personal jurisdiction over said nonresident as if he were a resident of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following:

(1) Such person or his agent carries out business transactions within Puerto Rico; or

(2) Executes by himself or through his agent, tortious acts within Puerto Rico; or

(3) Meets with an accident while by himself or through his agent driving a motor vehicle in Puerto Rico; or

(4) Meets with an accident in Puerto Rico in the operation, by himself or through his agent, of a freight or passenger-transportation business in Puerto Rico or between Puerto Rico and the United States or between Puerto Rico and a foreign country, or the accident occurs outside of Puerto Rico in the operation of such business, when the contract has been executed in Puerto Rico; [or]

(5) Is the owner, or by himself, or through his agent, uses or owns real property located in Puerto Rico.

(b) In such cases it shall be incontrovertibly presumed that the defendant has designated the Secretary of State of Puerto Rico as his agent and he shall signify his consent so that the former may receive service of summons, complaints, and judicial notices, and to such effect a copy of the summons and of the complaint shall be served upon the Secretary of State or upon his designee, and the plaintiff shall forthwith send to the defendant a copy of those documents by registered mail with return receipt. Any judicial step so taken shall have the same legal force and effect as a personal service."

This Court has interpreted that Rule several times. See *Martinez v. Karageorgis*, 235 F.Supp. 1012 (D.C.P.R.1963); *Executive Air Services, Inc. v. Beech Aircraft Corp.*, 254 F.Supp. 415 (D.C.P.R.1966); *La Electronica, Inc. v. Electric Storage Battery Co.*, 260 F.Supp. 915 (D.C.P.R.1966); *Caribbean Sales Associated, Inc. v. Hayes Industries, Inc.*, 273 F.Supp. 598 (D.C.P.R.1967); *Coletti v. Ovaltine Food Products*, 274 F.Supp. 719 (D.C.P.R.1967); *San Juan Hotel Corp. v. Lefkowitz*, 277 F.Supp. 28 (D.C.P.R.1967); *Luce & Co. S. en C. v. Alimentos Borinqueños, S.A.*, 283 F.Supp. 81 (D.C.P.R. 1968); *Credito E Inversiones de San Miguel v. B. F. Goodrich Co.*, 289 F.Supp. 854 (D.C. P.R.1968); *Schering Transamerica Corp. v. Torres Canet*, 290 F.Supp. 362 (D.C.P.R. 1968); *Ruiz v. Economics Laboratory, Inc.*, 290 F.Supp. 701 (D.C.P.R.1968); *Volkswagen Interamericana S. A. v. Rohlsen*, 360 F.2d 437 (1 Cir. 1966).

Defendant Darlene has alleged several reasons why this Court should not obtain jurisdiction over it. These are the following:

A. The return should be quashed on the ground that defendant Darlene has not been properly served.

Originally, service of process of defendant Darlene, was made on the attorney for its codefendant, Cayey. Apparently, Cayey's counsel was not and is not now authorized to receive service of process for the defendant Darlene. However, on September 3, 1971, the Clerk of this Court issued a summon to be served to Darlene through the Secretary of State of the Commonwealth of Puerto Rico. Copy of the complaint, summons and order were mailed to Darlene on September 9, 1971. Therefore, plaintiff has complied with Rule 4.7(b) of the local Rules of Civil Procedure.

B. Lack of Jurisdiction Over Darlene.

Defendant Darlene is not present in Puerto Rico through Cayey, so as to be amenable to service of process in the Commonwealth of Puerto Rico.

As can be easily seen, defendant's counsel argument rest on the fact that service of process was made through codefendant Cayey's counsel. But as we have already stated defendant Darlene was served through the Secretary of State which is the medium provided by Rule 4.7.

We should analyze all the facts of this case in order to determine whether or not Darlene has had minimum contacts with Puerto Rico.

As we previously said, defendant Darlene is a sales entity which buys garments from manufacturers for sale to its customers. Cayey is one of the manufacturing firms from which Darlene purchase such garments. Darlene's contact with Cayey (principal place of business Puerto Rico), is as follows: Darlene, through its sales force, receive orders from its customers. Darlene then places orders with Cayey with instructions for shipment to the customers. Darlene buys the finished garments from Cayey *F.O.B. San Juan* and pays the freight to Miami from where the customer pays for shipment to the eventual destination. Cayey bills Darlene directly for the goods purchased.

In an answer to an interrogatory (filed on December 13, 1972, the defendant provided

the following facts: The total business done by Darlene during the Years 1968, 1969, 1970 and 1971, was the following:

1968—Figures not available
1969—Net Sales—$7,210,092
1970—Net Sales—$3,195,898
1971—Net Sales—$1,471,734.

Details concerning the amount of garments purchased from Puerto Rico by Darlene prior to 1970 are not available. The *majority of the shipments of merchandise for Darlene accounts were shipped by Cayey Industries, Inc. from Cayey, Puerto Rico, during 1970 and 1971.* (Answer to interrogatories # 3, filed on February 16, 1973).

Cayey started operations in 1970. During that year, although records are not available, Darlene represented *over 50%* of Cayey volume. During 1971, Darlene represented less than 50% of Cayey volume and was replaced with other accounts. (Answer to interrogatories # 15, filed on February 16, 1973).

In the *Executive Air Services, Inc.* case, supra, at page 417, we expressed that:

"To obtain jurisdiction over a juridical person in the manner foreseen in Rule 4.7 of the Rules of Civil Procedure of Puerto Rico, it is enough that that person have the minimal contacts in Puerto Rico envisaged by the Supreme Court of the United States in *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)".

The above rule closely follows the modern trend which supports the expansion of the State jurisdictional power over foreign corporations and other non-residents.

In the case at bar, the following information should be taken into consideration. Both Darlene and Cayey are controlled by one stockholder, Agawam Dye Works, Inc. The director of both corporations are the same. The officials of both corporations are also the same persons. Mr. Howard N. Feist, Jr., is the president and treasurer of both corporations.

*Volkswagen Interamericana, S.A. v. Rohlsen,* 360 F.2d 437 (1 Cir. 1966), was an action brought under the so called Automobile Dealers Day's Act by one Rohlsen, a former Volkswagen dealer in St. Croix, Virgin Islands against the regional Volkswagen distributor, Volkswagen Interamericana, S. A., a Mexican Corporation. Defendant alleged that he was not present in Puerto Rico so as to be amenable to suit here. Process was served on the manager of Volkswagen de Puerto Rico (hereinafter VWPR), a local dealer franchised by defendant, as defendant's alleged agent.

It was uncontroverted that Keause, Hennings and Reuss, the president, finance director and managing director of defendant, were, respectively the president, vice-president and a director of VWPR.

At page 440, the Court stated:

"When jurisdiction is asserted over a foreign corporation because of its relationship with a local person or corporation, the *nature and extent of this relationship* as well as the relevance of the subject matter of the suit to defendant's affairs within the state are of significance.

\*        \*        \*        \*        \*        \*

Although interlocking ties of corporate control, such as *common directors and officers,* may not in themselves be sufficient to subject the foreign corporation and local jurisdiction. *Cannon Mfg. Co. v. Cudahy Packing Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925). They are *relevant factors and lend support to jurisdiction based on this* contractual reservation of control." (emphasis added).

See also *Luce & Co. S. en C. v. Alimentos Borinqueños S.A.,* supra; *Ruiz v. Economics Labortatory Inc.,* supra.

In *A. H. Thomas v. Tribunal Superior,* 98 P.R.R. 864, thus for the only Commonwealth Supreme Court decision dealing with Rule 4.7, the Court, at page 870, expressed the following:

"Three rules have been elaborated-derived from the joint interpretation of the opinions rendered in the *International*

*Shoe, McGee* and *Hanson* cases, supra—to determine the in personam jurisdiction over a non-resident, to wit:

'(1) The non resident defendant must do some act or consummate some transaction within the forum. It is not necessary that defendant's agent be physically within the forum, for this act or transaction *may be by mail only.* A single event will suffice if its effects within the state are substantial enough to qualify under Rule Three.'

'(2) The cause of action must be one which arises out of, or results from, the activities of the defendant within the forum. It is conceivable that the actual cause of action might come to fruition in another state, but because of the activities of defendant in the forum state there would still be a substantial minimum contact.'

'(3) Having established by Rule One and Two a minimum contact between the defendant and the state, the assumption of jurisdiction based upon such contact must be consonant with the due process tenets of fair play and substantial justice. If this test is fulfilled, there exists a substantial minimum contact between the forum and the defendant. The reasonableness of subjecting the defendant to jurisdiction under this rule is frequently tested by standards analogous to those of forum non conveniens.' "

The last case, up to our knowledge, dealing with this problem is *Georgia Pacific Corporation v. WHDH Corporation,* 374 F.Supp. 1076 (D.C.Me.1974).

*Georgia Pacific* is a Georgia corporation which owns and operates a paper mill in Maine. WHDH is a Massachusetts corporation which publishes a newspaper at Boston, Massachusetts. WHDH has never qualified to do business in Maine, maintains no office in Maine, and has no agents or employees in Maine. Negotiation of the contract which is the subject matter of this suit, execution of the contract, payments made under the contract and requests for shipments of newsprint under the contract all took place *outside of the State* of Maine.

From at least 1956, WHDH and St. Croix have maintained a continuous course of dealing in which St. Croix has sold substantial amounts of newsprint contracts. Pursuant to the current contract, WHDH requested and received monthly newsprint shipments from St. Croix' Woodland Mill in amount varying from 12 to 27 carloads, during the year 1971 and six months during the year 1972 until WHDH refused to accept any further shipments. Each carload was shipped F.O.B. Woodland and title passed to WHDH at Woodland. The 15,000 tons of newsprint per year which WHDH agreed to purchase under the contract accounted for approximately 17% of the total newsprint production capacity of the Woodland mill. (Compare with 50% of the case at bar).

Defendant filed a motion to dismiss for lack of jurisdiction over its person and it was denied.

Within this overall constitutional framework, whether due process is satisfied depend upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. *International Shoe Co. v. Washington,* supra. To determine this, such factors as the nature and purpose of the contacts and the cause of action, the number of contacts, the interest of the forum and the convenience and fairness to the parties must be considered.

Applying these criteria, this Court is satisfied that the purposeful activities of Darlene within the Commonwealth of Puerto Rico have invoked the benefits and protections of Puerto Rico's laws and that the maintenance of this suit will not offend traditional notions of fair play and substantial justice. In sum, it seems clear that the extent of Darlene's dealings in Puerto Rico has been such that it is not unfair to require it to defend the present action here, nor in light of the long history of prior dealings between the parties.

Defendant could not carry on substantial economic activities within the Commonwealth and at the same time claim to be

**330**

absent when distasteful consequences ensued.

For all these reasons, the Court concludes that the assertion of personal jurisdiction in this case is authorized by Puerto Rico Long Arm Statute and does not transgress the due process requirements.

Defendant's motion to dismiss for lack of personal jurisdiction is denied.

IT IS SO ORDERED.